STATE OF NORTH CAROLINA v. ALPHONZO STALEY

No. 7018SC82

(Filed 25 February 1970)

**1. Searches and Seizures § 3—  confidential informer — sufficiency of officer's affidavit**

Police officer's affidavit for a search warrant based on an informant's report contains sufficient information for the magistrate to consider in support of the affiant-officer's allegation that the informant is credible and his information reliable, where the officer's oath states that the informer is well known to the officer and has given the officer information on several past occasions which proved highly reliable and accurate.

**2. Searches and Seizures § 3—  warrant for narcotics — confidential informer — sufficiency of officer's affidavit**

Police officer's affidavit for a search warrant for narcotics based on an informant's report sets forth sufficient underlying circumstances for the magistrate reasonably to infer that the informant had gained his information in a reliable way and to enable the magistrate independently to judge the validity of the informant's conclusion that narcotics were where he said they were, where the affiant-officer's oath declares that the informant stated. as a fact that defendant has in his possession marijuana located in a specified hotel room, that defendant is supplying marijuana to occupants at the hotel, that defendant sells marijuana cigarettes for $1.00, that defendant is using drugs himself and has a needle in his

possession which he uses to administer drugs to himself, and that defendant would have a supply of marijuana in his room on a certain date.

**3. Searches and Seizures § 3— statements in officer's affidavit — consideration by magistrate**

Although police officer's statements that he had received information from another reliable informer that defendant has rented motel rooms and calls his buyers by phone to pick up marijuana, and that the officer and other members of the vice division had also received other information concerning defendant's sale of marijuana from a specified hotel room would be insufficient to show probable cause for a search warrant, the magistrate could properly consider such information with the other evidence before him.

**4. Searches and Seizures § 3— standard of probable cause**

Only the probability and not a *prima facie* showing of criminal activity is the standard of probable cause.

**5. Searches and Seizures § 3— affidavit for search warrant — hearsay information**

An affidavit for a search warrant may be based on hearsay information and need not reflect the direct personal observation of the affiant.

**6. Searches and Seizures § 3— affidavits of probable cause — standard of testing**

Affidavits of probable cause are tested by much less rigorous standards than those governing the admissibility of evidence at trial.

**7. Searches and Seizures § 3— determination of probable cause — appellate review**

Determination of probable cause by a magistrate should be paid great deference by the reviewing courts.

**8. Searches and Seizures § 3— sufficiency of officer's affidavit**

Police officer's affidavit based on an informant's report was sufficient reasonably to satisfy the magistrate that probable cause existed for issuance of a search warrant for narcotics.

**9. Criminal Law § 113— trial of two defendants — instructions — separate determination of guilt or innocence of each**

In a consolidated trial of two defendants for unlawful possession of narcotics, the charge, when considered as a whole, made it clear to the jury that the guilt or innocence of each defendant was to be determined separately.

On *Certiorari* from *Martin, S.J.,* 3 March 1969 Session GUILFORD Superior Court, Greensboro Division.

The defendant was tried for unlawfully and feloniously possessing narcotic drugs in violation of G.S. 90-88. The case of Herman Bernard Marshall, upon an identical charge arising from the same

factual situation, was consolidated with that of this defendant. In apt time the defendant moved to suppress the evidence obtained as a result of the search of the defendant's hotel room, contending that the search warrant was defective. This motion was overruled. The State's evidence was substantially as follows. Officer Cox and two other officers of the Vice Division of the Greensboro Police Department went to Room 346 of the O'Henry Hotel at approximately 10:30 p.m. on 13 January 1969 and knocked on the door. When defendant opened the door, the officers identified themselves and presented their search warrant. The room was then dark but as the officers entered someone turned on the lights. The officers smelled the odor of marijuana. They observed Herman Bernard Marshall seated on a bed. A search of Marshall revealed seven marijuana cigarettes in his shirt pocket. Marijuana leaves, stems and seeds were on the bed where Marshall was seated. A third male identified as Oscar Washington was also in the room. Cigarette butts containing marijuana were found on the floor and on the dresser. The bathroom was full of smoke having the strong odor of burning marijuana. Three marijuana cigarettes were found in a paper dispenser located in the bathroom. A pipe containing a "reefer" or a little marijuana cigarette was found on the defendant's desk. The defendant attempted to take the pipe from the officers stating that they could not take it because it was his. The cigarettes, pipe, seeds and leaves were introduced into evidence. The defendant offered no evidence. The case against Herman Bernard Marshall is not before us.

The jury found the defendant guilty and a judgment of imprisonment was entered. This Court allowed defendant's petition for a writ of *certiorari* as a substitute for appeal.

*Attorney General Robert Morgan by Staff Attorney Burley B. Mitchell, Jr., for the State.*

*William Zuckerman for defendant appellant.*

VAUGHN, J.

The defendant assigns as error the denial of his motion to suppress the evidence obtained as a result of the search of his hotel room. He contends that the search warrant is invalid because the affidavit upon which the same is based is insufficient. Defendant relies principally on *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509; and *Spinelli v. United States*, 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584. In each of those cases the United States Supreme Court held that the affidavit in the application for the search

warrant did not contain sufficient information to enable the magistrate to adjudge for himself the persuasiveness of the facts relied on to show probable cause. The Court held the warrants invalid and declared the evidence obtained as a result of such search warrants to be inadmissible in any criminal trial, state as well as federal. The admissibility of the evidence in this case is subject to the rules pronounced in these and other decisions of the United States Supreme Court. *State v. Myers,* 266 N.C. 581, 146 S.E. 2d 674.

[1]    In *Aguilar v. Texas, supra,* the affidavit was held to be inadequate for two reasons. One was that it contained nothing for the magistrate to consider in support of the affiant's allegation that the informant was credible or his information reliable. This objection is met in the present case by the police officer's oath that:

> "The affiant further supports the request for issuance of a search warrant with statement that he has received information from a reliable confidential informer who is well known to this affiant and who has given this affiant and other members of the Vice Division, Greensboro Police Department information on several occasions in the past. The information which has been given by this informant in the past has proven highly reliable and accurate, and this informant has been most dependable in all of his dealings with members of the Vice Division."

[2]    The other objection to the affidavit in *Aguilar* was that it failed to set forth any of the underlying circumstances necessary to enable the magistrate independently to judge the informant's conclusion. In the present case the informant's statements to the officer are unequivocal and on their face appear to be based on absolute personal knowledge rather than rumor or mere "information and belief." This is emphasized by the details related by the informer. The informer states as a fact ". . . that Alphonzo Staley has in his possession marijuana, located in his room, number 346 at the O'Henry Hotel, Greensboro, N. C. The informer states that Alphonzo Staley is supplying marijuana to occupants at the O'Henry Hotel, Greensboro, N. C. and that he sells reefers (marijuana cigarettes) for $1.00. Informer further states that Alphonzo Staley is using drugs himself and that he has a needle in his possession which he uses to administer drugs to himself. Informer states that Alphonzo Staley will have a supply of marijuana in his room on Jan. 13, 1969." *Spinelli v. United States, supra,* holds that in the absence of a statement by the informer detailing the manner in which he gathered his information, it is especially important that he describe the accused's criminal activities in sufficient detail that the magistrate may know

he is acting on something more substantial than a casual rumor circulating in the underworld or the accused's general reputation. When confronted with the details related in the affidavit in the present case, the magistrate could reasonably infer that the informant had gained his information in a reliable way. *Draper v. United States*, 358 U.S. 307, 3 L. Ed. 2d 327, 79 S. Ct. 329.

**[3]** In a further effort to convince the magistrate that probable cause existed, the police officer offered the following:

> "This affiant has also received information from another reliable confidential informer, who states that Alphonzo Staley has rented motel rooms and calls his buyers by phone to pick marijuana up.

> "This affiant along with other members of the Vice Division Greensboro Police Department have also received information concerning Alphonzo Staley. selling 'Pot' marijuana from his room, 346 O'Henry Hotel, Greensboro, N. C."

Although under decisions of the United States Supreme Court this testimony, standing alone, would have been insufficient to affirm the existence of probable cause, the magistrate could properly consider it along with the other evidence before him. It is substantially stronger than the "bald and unilluminating assertion of suspicion" rejected in *Spinelli*.

**[4-8]** Only the probability and not a *prima facie* showing of criminal activity is the standard of probable cause. *Beck v. Ohio*, 379 U.S. 89, 13 L. Ed. 2d 142, 85 S. Ct. 223. The affidavit may be based on hearsay information 'and need not reflect the direct personal observation of the affiant. *Jones v. United States*, 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725. Affidavits of probable causes are tested by much less rigorous standards than those governing the admissibility of evidence at trial. *McCray v. Illinois*, 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056. It must be remembered that the object of search warrants is to obtain evidence — if it were already available there would be no reason to seek their issuance. They must be issued upon information which may not at that time be competent as evidence by strict rules. *State v. Bullard*, 267 N.C. 599, 148 S.E. 2d 565. In judging probable cause, issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense. *United States v. Ventresca*, 380 U.S. 102, 13 L. Ed. 2d 684, 85 S. Ct. 741. Their determination of probable cause should be paid great deference by reviewing courts. *Jones v. United States, supra.* As Justice Fortas observes in his dissenting opinion in *Spinelli*,

"a policeman's affidavit should be not judged as an entry in an essay contest." We are of the opinion that the affidavit in the present case is sufficient to reasonably satisfy the magistrate that probable cause existed.

[9]    The defendant also brings forward an assignment of error based on his contention that the court failed to submit to the jury separate questions as to the guilt or innocence of each defendant. We find no merit in this contention. A charge must be construed "as a whole in the same connected way in which it was given." *State v. Valley,* 187 N.C. 571, 122 S.E. 373. When so considered, the charge in this case makes it unmistakably clear to the jury that the guilt or innocence of the defendant and that of Herman Bernard Marshall were to be determined separately.

No error.

MALLARD, C.J., and MORRIS, J., concur.