STATE OF NORTH CAROLINA v. ALEXANDER J. FLOWERS

No. 7112SC528

(Filed 20 October 1971)

Searches and Seizures § 3— narcotics search warrant — sufficiency of the affidavit

Affidavit to a narcotics search warrant complied with constitutional and statutory prerequisites and was sufficient to support a magistrate's finding of probable cause that heroin would be found on the defendant's person and in a certain house trailer. U. S. Constitution, IV Amendment; G.S. 7A-170; G.S. 15-25; G.S. 15-26.

APPEAL by defendant from *Cooper, J.,* 22 February 1971 Session of Superior Court held in CUMBERLAND County for the trial of criminal cases.

The defendant appellant herein was charged in a bill of indictment with the felony of possessing a quantity of narcotic drugs, to wit: heroin. The evidence for the State tended to show that on the night of 3 November 1970, Cumberland County Deputy Sheriff Blaine O'Brien, acting pursuant to information received from a confidential informant, obtained a warrant at 9:25 p.m. for the search of a house trailer located at Lot 13, Averette's Trailer Court, Yadkin Road, Fayetteville, North Carolina. Armed with this search warrant and accompanied by officers and agents from the State Bureau of Investigation, Army C.I.D. agents from Fort Bragg and a uniformed member of the sheriff's department, Deputy Sheriff O'Brien then immediately proceeded to the premises at Lot 13, Averette's Trailer Court, arriving there about 9:30 p.m. A search was then and there conducted in the presence of defendant Flowers, one William Bailey (who was subsequently charged and tried with the defendant), and a girl. A search of the bedrooms of the trailer produced a quantity of heroin, paraphernalia allegedly used in connection with narcotics, and a rent receipt for the trailer made out to the defendant Flowers.

The defendant testified that he was a soldier and had been stationed at Fort Bragg for two years; that he had lived in quarters at Fort Bragg for about a year and a half; that he had then moved to Lot 13, Averette's Trailer Court with his wife and child, but after about three months, his wife had returned to her home in New York City; and that he continued to occupy the trailer along with the defendant Bailey and two other individuals by the names of Watson and Whitaker. He further testified that on the night in question, he had been at the trailer with a young woman; that Bailey and another man had come to the trailer and departed shortly thereafter; and that he and the woman had continued to watch television until the police arrived and conducted the search. He admitted that he and Bailey shared the south bedroom but denied any knowledge of the glassine bags (which contained heroin) found there. It further appeared from the defendant's testimony that he, Flowers, paid the monthly rental of $110 for the trailer but that the money for this payment came from all of the four

persons living there and that a number of other people had had access to the trailer in the period immediately preceding 3 November 1970. The defendant further offered evidence that he had a good reputation in the community in which he lived in New York City.

From a verdict of guilty and judgment of imprisonment entered thereon, the defendant appealed to the Court of Appeals.

*Attorney General Morgan and Staff Attorneys Sauls and Evans for the State.*

*William S. Geimer, Assistant Public Defender, for defendant appellant.*

MALLARD, Chief Judge.

Defendant's principal assignment of error concerns the refusal of the trial judge to suppress any evidence seized in the search of the premises located at Lot 13, Averette's Trailer Court, on the third day of November 1970. He contends that the affidavit of Deputy Sheriff O'Brien, upon which the search warrant was issued, was insufficient to enable the magistrate to make an independent determination of probable cause, that the search warrant was issued on the basis of hearsay evidence, and that under the cases of *Aguilar v. Texas*, 378 U.S. 108, 12 L. Ed. 2d 723, 84 S.Ct. 1509 (1964) and *Spinelli v. U.S.*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969), the affidavit and evidence were not sufficient to have enabled the magistrate to properly find probable cause. When this issue was raised in the superior court, the jury was sent out and a *voir dire* hearing was conducted; but in view of our holding herein, it is not necessary to summarize all the testimony given. Suffice it to say, that the testimony on *voir dire,* taken in the light most favorable to the State, was more persuasive than the affidavit.

The affidavit which appears as a part of the search warrant in the record on appeal is denominated as the "Appellant's Exhibit A" in one place and in another as "Court Exhibit 1." The pertinent part of the affidavit portion of the search warrant reads as follows:

"Blaine OBrien Deputy Sheriff, Cumberland County Sheriffs Dept, Fay N.C. being duly sworn and examined under oath, says under oath that he has probable cause

State v. Flowers

to believe that Alexander Flowers And William Bailey has *(sic)* on their premises and in their Persons certain property, to wit: Narcotic Drugs To wit Heroin, The possession which constitutes evidence of a Crime, to wit: Possession of Narcotic Drugs (G.S.-90-88 11/3/70 Lot # 13 Averittes Tr Ct, Yadkin Road, Fayeteville N.C. The property described above is located On the premises and on the persons described as follows: A white Trailer with Green trim, has a broken hitching post in front yard, has two sets of steps at front door, a tan 1965 Dodge car New York Lic Plate— 5U5758 parked in yard. The facts which establish probable cause for the issuance of a search warrant are as follows: Received imformation *(sic)* from a relaible *(sic)* and confidential imformant *(sic)* that *(sic)* has furnished imformation *(sic)* in the past that has resulted in the arrest and convictions of Dope peddlers in the Fayetteville area, that with-in the past eight hours he has been to the above location and that he has seen a quanity *(sic)* of Heroin, that he knows the above mentioned subjects seal (this word reads 'deal' in the original record on file) in Narcotics. These above mentioned subjects are known to Narcotic Agents in the Fayetteville area and have a bad reputation for dealing in the Drug traffic in Fayetteville. Due to the reliability of the imformant *(sic)* and to the reputation of the suspects I pray that a search warrant be issued and that all evidence found be confiscated and held for futher *(sic)* Court action."

The Fourth Amendment to the United States Constitution provides that " . . . no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." It has been held by the Supreme Court of the United States that the Fourth Amendment also requires that a neutral authority be placed in an intervening position between the police and the public. *Berger v. New York*, 388 U.S. 41, 18 L. Ed. 2d 1040, 87 S.Ct. 1873 (1967).

In the case before us, there was an intervening magistrate who was an officer of the district court (G.S. 7A-170) and was authorized, upon the finding of probable cause, to issue a search warrant. G.S. 15-25. The warrant to search contains the statement that it was issued by the magistrate after he had examined the affiant under oath and had found probable cause.

The place to be searched was described with particularity in the warrant, and the things to be seized were referred to as those things described in the affidavit, such as the narcotic drug, heroin. It is permissible to incorporate the description of the items to be searched for and the place to be searched in the warrant by reference to the affidavit. *State v. Mills,* 246 N.C. 237, 98 S.E. 2d 329 (1957).

It appears from the record that the foregoing affidavit portion of the search warrant was on one side of the sheet of paper and the warrant portion was on the reverse. The affidavit was signed and sworn to by Blaine O'Brien, and the warrant to search portion was signed by Magistrate L. G. Waldrop and bore the date and hour of its issuance above his signature. In the search warrant the magistrate stated, "I have examined under oath the affiant and am satisfied that there is probable cause to believe" that the defendants had the property described in the affidavit. In addition, the magistrate stated that he was issuing it upon information furnished under oath by the affiant, Blaine O'Brien.

The provisions of our statute (G.S. 15-26) relating to the contents of search warrants read as follows:

> "(a) The search warrant must describe with reasonable certainty the person, premises, or other place to be searched and the contraband, instrumentality, or evidence for which the search is to be made.

> (b) An affidavit signed under oath or affirmation by the affiant or affiants and indicating the basis for the finding of probable cause must be a part of or attached to the warrant.

> (c) The warrant must be signed by the issuing official and bear the date and hour of its issuance above his signature."

The search warrant issued herein complied with each of the foregoing provisions of the statute.

In the case of *United States v. Ventresca,* 380 U.S. 102, 13 L. Ed. 2d 684, 85 S.Ct. 741 (1965), the Court held that a finding of probable cause for the issuance of search warrants may rest upon evidence which is not competent in a criminal trial. In

*United States v. Harris,* 403 U.S. 573, 29 L. Ed. 2d 723, 91 S.Ct. 2075 (1971), the Court said:

> " * * * More important, the issue in warrant proceedings is not guilt beyond reasonable doubt but probable cause for believing the occurrence of a crime and the secreting of evidence in a specific premise. * * * "

Defendant's contention that the search warrant was issued on hearsay evidence is without merit. See *Aguilar v. Texas, supra; Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S.Ct. 725 (1960) ; *Draper v. United States,* 358 U.S. 307, 3 L. Ed. 2d 327, 79 S.Ct. 329 (1959) ; and *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971).

The Court said in *United States v. Ventresca, supra,* that affidavits for search warrants " . . . must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. They are normally drafted by nonlawyers in the midst and haste of a criminal investigation. Technical requirements of elaborate specificity once exacted under common law pleadings have no proper place in this area."

"Probable cause under the Fourth Amendment exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trusworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed." *Berger v. New York, supra.*

We think that the affidavit in this case complies with the Constitution of the United States, the decisions of the United States Supreme Court, the decisions of the Supreme Court of North Carolina, and the statutory law of North Carolina. We hold that it was sufficient as the basis for the finding by the magistrate of probable cause and that the trial judge did not commit error in denying defendant's motion to suppress the evidence.

The State contends in its brief that Aguilar and Spinelli are limited almost to the point of extinction by the Harris case. Further, the State seems to contend that it is not necessary for the affidavit to contain all information necessary to support the finding of probable cause. While this question is not specifically presented or decided, we think it is proper to briefly discuss it.

State v. Flowers

Rule 41 of the Federal Rules of Criminal Procedure relates to search and seizure. Under Section (c) of this rule, it is provided that "(a) warrant shall issue only on affidavit sworn to before the judge or commissioner and establishing the grounds for issuing the warrant." In *Aguilar v. Texas, supra,* the Court held that the issuance of the search warrant by a justice of the peace in Texas was improper because " . . . *the affidavit* did not provide a sufficient basis for a finding of probable cause . . . . " (Emphasis added) The requirement under Section (b) of G.S. 15-26 that the affidavit indicate the basis for finding probable cause, when interpreted in the light of G.S. 15-27(b) which states that "(n)o search may be regarded as illegal solely because of technical deviations in a search warrant from requirements not constitutionally required," together with a concurring opinion of Judge Graham in *State v. Milton,* 7 N.C. App. 425, 430, 173 S.E. 2d 60, 63 (1970), and footnotes in Aguilar, may suggest that all of the material and essential facts necessary to support the finding of probable cause need not be set out in the affidavit. The intimation is that there is a difference between information necessary to establish a finding of probable cause and information sufficient to indicate a basis for such finding.

In Aguilar, the Court held that under the United States Constitution, the affidavit in the state court of Texas did not provide a "sufficient basis" for finding probable cause. In our statute it is specifically stated that the affidavit must indicate "the basis" for the issuance of the warrant. There may be a distinction that we have overlooked in the words "sufficient basis" as held to be constitutionally required in Aguilar and "the basis" in our statute. The word "basis" means "the bottom of anything considered as a foundation for the parts above." Webster's Third New International Dictionary (1968). The words "the basis," therefore, seem to imply the entire foundation—not just a part. In any event, the better practice would be for the issuing official to require that the affidavit contain the material and essential facts (but not all the evidentiary details) necessary to support the finding of probable cause before issuing a search warrant.

Defendant also assigns as error the failure of the court to allow his motion for judgment as of nonsuit made at the close of the State's evidence and again at the close of all the evi-

dence. We hold that there was ample evidence to require submission of the case to the jury.

We have carefully examined defendant's other assignments of error and find no prejudicial error therein.

In the trial we find no prejudicial error.

No error.

Judges CAMPBELL and HEDRICK concur.