STATE OF NORTH CAROLINA v. WILLIE HARRISON BAILEY

No. 7112SC524

(Filed 20 October 1971)

Criminal Law § 75— admission of inculpatory statements — advising of
    rights — non-indigent defendant
        A defendant who was represented by privately-employed counsel
    during the trial and on appeal may not challenge the admissibility of
    his in-custody inculpatory statements on the ground that the arresting officer did not advise him of the constitutional rights of an indigent.

APPEAL by defendant from *Cooper, Judge,* 22 February 1971 Session of Superior Court held in CUMBERLAND County.

The defendant Willie Harrison Bailey was charged in a bill of indictment, proper in form, with the felony of possessing a quantity of narcotic drugs, to wit: heroin. The evidence for the State tended to show that on the night of 3 November 1970, Cumberland County Deputy Sheriff Blaine O'Brien, acting pursuant to information received from a confidential informant, obtained a warrant at 9:25 p.m. for the search of a house trailer located at Lot 13, Averette's Trailer Court, Yadkin Road, Fayetteville, North Carolina. Armed with this search warrant and accompanied by officers and agents from the State Bureau of Investigation, Army CID agents from Fort Bragg and a uniformed member of the sheriff's department, Deputy Sheriff O'Brien and P. E. Beasley, a detective with the Fayetteville Police Department, then immediately proceeded to the premises at Lot 13, Averette's Trailer Court, arriving there about 9:30 p.m. A search was then and there conducted in the presence of defendant Bailey, one Alexander Flowers (who was subsequent-

State v. Bailey

ly charged and tried with the defendant), and a girl. A search of the bedrooms of the trailer produced a quantity of heroin, paraphernalia allegedly used with narcotics, and clothing belonging to defendant Bailey.

The defendant testified that he was a soldier attached to Headquarters Company, First 508th Airborne Division, and had been stationed at Fort Bragg for about a year and eight months; that he was living at Headquarters Company barracks and stayed there sometimes during the week and on nights and weekends when he had duties; that when he did not stay at the barracks or go home he stayed at the trailer he occupied along with defendant Flowers and two other individuals by the names of Watson and Whitaker. On the night in question, according to defendant's testimony, he had come to the trailer with a friend, and after waiting twenty or twenty-five minutes Flowers arrived with a young woman and opened the door so they could all go in; that he showered, dressed, and went to the Seven-Eleven to get some food; that he was gone twenty to twenty-five minutes and when he returned he threw his shirt on the bed in the north bedroom and began cooking until the police arrived and conducted the search. Defendant testified that he kept most of his clothes in his quarters at Fort Bragg, but admitted some of his clothes were kept in the trailer; that he paid rent and shared the trailer with three other soldiers, but denied any knowledge of heroin being in the trailer.

From a verdict of guilty and judgment of imprisonment entered thereon, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan, Assistant Attorney General T. Buie Costen and Staff Attorney Ernest L. Evans for the State.*

*Barrington, Smith & Jones by Carl A. Barrington, Jr., for defendant appellant.*

HEDRICK, Judge.

By assigning as error the court's denial of his motion to suppress any evidence seized in the search of the premises located at Lot 13, Averette's Trailer Court, on 3 November 1970, the defendant Bailey challenges the validity of the same search warrant discussed by Chief Judge Mallard in the case of *State v. Flowers,* 12 N.C. App. 487, 183 S.E. 2d 820 (1971), filed

at the same time as the opinion in the instant case. For the same reasons stated therein, this assignment of error is overruled.

Defendant's third assignment of error, based on exception number 3, is stated in the record as follows:

> "3. That the Court erred in overruling the Defendant Bailey's objection to, and by allowing into evidence, certain testimony in the form of an admission against interest by the Defendant Bailey allegedly made to the arresting officer on the night of the arrest, such statements allegedly being made by the Defendant before he was fully warned of his constitutional rights. That the testimony of the officer showed a failure to warn the Defendant of his rights at a critical stage in the arrest proceedings as required by law. As shown by Exception #3 (R p 32)."

The record reveals that before any witness for the State was permitted to testify as to any statements made by the defendant Bailey, the court conducted a *voir dire* examination of the witness, Detective Beasley.

On *voir dire* the detective testified that he asked defendant Bailey if he lived in the trailer and which was his bedroom, before he advised defendant of any of his constitutional rights under the Fifth Amendment. Beasley testified that after the north bedroom, which defendant Bailey indicated was his, had been searched, and after two empty capsules with residue of white powder had been found under defendant's shirt on the bed in the bedroom, he arrested defendant, advised him of his constitutional rights, and proceeded to question him further about the entire matter.

At the conclusion of the *voir dire*, the court made the following findings of fact and conclusions of law:

> "That Mr. P. E. Beasley, a detective of the Fayetteville Department, on November 3, 1970, went to Lot Number 13 of the Averette's Trailer Court in Cumberland County, with other officers, arriving there at approximately 9:30 p.m., that the Defendant Bailey was present when the officers arrived at the trailer located on Lot Number 13. That a search warrant was read by one of the officers, authorizing a search of the trailer located on Lot Number 13,

Averette's Trailer Court. That subsequent to the reading of the search warrant, Detective Beasley asked the Defendant Bailey his name and was told that his name was Bailey; that he asked the defendant Bailey if he lived there, to which the defendant Bailey answered in the affirmative. He asked the defendant Bailey which was his bedroom; at which point the defendant Bailey pointed to the bedroom located at the northern end of the trailer; that Detective Beasley, Snipes and the defendant Bailey went to the north bedroom; that the room was searched and that upon finding some capsules, Detective Beasley then advised the defendant of his constitutional rights under the decision in the case of MIRANDA versus ARIZONA; that Detective Beasley advised the defendant Bailey that he was placing him under arrest for a narcotics investigation; that he had a right to remain silent, that anything he said could be used against him; that he was entitled to consult with an attorney before answering any questions and that if he decided to answer any questions, he could quit at any time. That at this time the defendant Bailey was asked if he understood these rights, to which he answered in the affirmative. That in the opinion of Detective Beasley, defendant Bailey was not under the influence of any alcohol or narcotic drug; that no threats were made to him and no promise made.

"Based upon the foregoing findings of fact, the Court concludes as a matter of law that any statement made by the defendant Bailey to Officer Beasley, after having been advised of his constitutional rights, was freely, knowingly, understandingly and voluntarily made and might be admitted to the trial of this case. That any statements made by the defendant Bailey prior to being advised of his rights, at a time when he was a suspect in a narcotics investigation and was a subject of this investigation, are inadmissible and will not be allowed."

The exception upon which this assignment of error is based presents only the question of whether the facts found support the court's conclusions of law. The defendant does not contend that the evidence does not support the findings of fact.

The defendant does contend, however, that his in-custody inculpatory statements were inadmissible because the officer had

not advised him that if he were an indigent and unable to compensate counsel an attorney would be provided for him.

In *State v. Crump,* 277 N.C. 573, 178 S.E. 2d 366 (1971), Chief Justice Bobbitt said:

> "It does not appear that defendant was then an indigent and unable to compensate counsel of his choice. In fact, at the preliminary hearing on December 11, 1969, defendant was represented by privately-retained counsel. If, in fact, defendant was able to select and compensate counsel, it was unnecessary to advise defendant in respect of the rights of an indigent. *State v. Gray,* 268 N.C. 69, 81-83, 150 S.E. 2d 1, 10-12."

In *State v. Gray, supra,* where the record failed to disclose that defendant was an indigent and where defendant did not contend that he was an indigent, the North Carolina Supreme Court held that his in-custody inculpatory statements were admissible into evidence even though the record clearly disclosed that the defendant had not been advised that if he were an indigent, counsel would be provided for him.

There is no contention on the part of the defendant Bailey that he is, or was, an indigent, and there is nothing in the record to indicate that the defendant is, or was, an indigent unable to employ and compensate counsel. Indeed, it appears from the record that at his trial, as here, the defendant was represented by privately-employed counsel. Therefore, it is our opinion and we so hold that the findings of fact support the court's conclusion that any statements made by the defendant after he was advised of his constitutional rights, as set out in the court's findings of fact, were freely, understandingly and voluntarily made.

The defendant also assigns as error the court's denial of his motion for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence. We hold there was ample competent evidence to require submission of the case to the jury on the charge set out in the bill of indictment.

The defendant has additional assignments of error which we have considered and find to be without merit.

We hold that the defendant had a fair trial in the superior court free from prejudicial error.

No error.

Chief Judge MALLARD and Judge CAMPBELL concur.