STATE OF NORTH CAROLINA v. JAMES MACKEL SPENCER

No. 712SC749

(Filed 15 December 1971)

1. **Constitutional Law § 30— speedy trial — ten months' delay between arrest and trial**

     A ten months' delay between defendant's arrest and trial did not constitute a violation of defendant's right to a speedy trial, where (1) there was a backlog of criminal cases on the docket; (2) on one occasion defendant's counsel assented to the solicitor's request for a continuance; (3) there was no showing that defendant requested an earlier trial or complained of any delay; and (4) there was no evidence that the delay was due to the neglect or wilfulness of the solicitor.

2. **Searches and Seizures § 3— constitutionality of search warrant**

     The search warrant and affidavit in a narcotics prosecution was without constitutional defect.

3. **Narcotics § 4— growing and possessing marijuana — evidence that marijuana was under defendant's control**

     In a prosecution charging defendant with the possession and the growing of marijuana, the State's evidence that a box of marijuana leaves was found in a pig pen situated 25 yards behind defendant's living quarters and that more than 100 marijuana plants were found growing in a corn field 75 to 100 yards from defendant's house and to the rear of the pig pen, *is held* sufficient to support a jury finding that the pig pen and the corn field were under defendant's control, especially where there was evidence that an unintersected path led from the pig pen to the corn field.

APPEAL by defendant from *Rouse, Judge,* May 1971 Criminal Session of Superior Court held in BEAUFORT County.

Defendant was charged under separate bills of indictment with growing marijuana and possessing marijuana in excess of one gram. The cases were consolidated for trial.

The State's evidence tended to show the following: Defendant lives in a combination store and residence in a rural area of Beaufort County. On 15 July 1970 agents of the State Bureau of Investigation, armed with a search warrant, searched defendant's residence and the outside area. A jar containing marijuana seeds was found in defendant's bedroom and a box containing marijuana leaves, weighing 82.2 grams, was found in a pig pen situated approximately 25 yards behind defendant's living quarters. More than 100 marijuana plants were found growing in a corn field approximately 75 to 100 yards from

defendant's house and to the rear of the pig pen. A wide path led from the rear of a fence enclosing the pig pen to the corn field. There were no intersecting or adjoining paths.

Defendant did not testify or offer evidence.

The jury returned verdicts of guilty as charged and the court imposed concurrent sentences of 2 years imprisonment.

*Attorney General Morgan by Assistant Attorney General Wood for the State.*

*Wilkinson, Vosburgh & Thompson by John A. Wilkinson for defendant appellant.*

GRAHAM, Judge.

[1]  Defendant moved to quash the bills of indictment on the ground that his constitutional right to a speedy trial had been violated. The court denied the motion and defendant assigns this as error.

"Whether a speedy trial is afforded must be determined in the light of the circumstances of each particular case. In the absence of a statutory standard, what is a fair and reasonable time is within the discretion of the court." *State v. Lowry and State v. Mallory,* 263 N.C. 536, 542, 139 S.E. 2d 870, 875.

The circumstances of this case are set forth in findings of fact entered by the trial judge. These findings, which are un-challenged by any exception, indicate that defendant was ar-rested on 15 July 1970 and was given a preliminary hearing one week later. On the day of his preliminary hearing defendant gave bond for his appearance in Superior Court and was released from custody. During the period between defendant's prelimi-nary hearing and his trial, nine weeks of criminal court were held in Beaufort County. A backlog of criminal cases awaited trial in Beaufort County from the time of defendant's indictment until his trial and at no time was the criminal court docket cur-rent. On one ocassion defendant's counsel assented to a con-tinuance upon being advised by the solicitor that witnesses for the State were involved in undercover investigations into the use and sale of marijuana in the area and that their appear-ance in court during these investigations would be a disad-vantage to their work.

The record does not show that defendant requested that his case be brought to trial or made complaint as to any delay until the week the case was actually tried. It is generally held that an accused is not entitled to a discharge for delay in bringing him to trial unless it appears that he resisted postponement, demanded a trial, or made some effort to procure a speedier trial than the State afforded him. *State v. Hollars*, 266 N.C. 45, 145 S.E. 2d 309. The record contains no testimony, affidavits, or other evidence tending to support defendant's contention that the delay in bringing his case to trial caused a reasonable probability of prejudice against him. Neither is there evidence to suggest that the delay was deliberately and unnecessarily occasioned by the State. *State v. Johnson*, 275 N.C. 264, 167 S.E. 2d 274; *State v. Moffitt*, 11 N.C. App. 337, 181 S.E. 2d 184. The burden is on the accused to show that the delay in bringing him to trial was due to the neglect or willfulness of the prosecution. *State v. Hollars, supra.*

After making findings of fact, which have been summarized herein, the court concluded that the delay of ten months in bringing defendant's case to trial was not so unreasonable as to create a reasonable possibility of prejudice and that the delay was not deliberately and unnecessarily occasioned by the State. The record supports this conclusion and defendant's assignment of error with respect thereto is overruled.

[2] Defendant's second contention is that the search warrant under which the search of his premises was conducted should have been quashed and the evidence obtained as a result of the search suppressed. He argues that the search warrant, and the affidavit upon which it was based, failed to comply with the tests laid down in the case of *Aguilar v. Texas*, 378 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964). The requirements of *Aguilar* have been thoroughly discussed in cases decided by the appellate courts of this State. *State v. Vestal*, 278 N.C. 561, 180 S.E. 2d 755; *State v. Flowers*, 12 N.C. App. 487, 183 S.E. 2d 820; *State v. Staley*, 7 N.C. App. 345, 172 S.E. 2d 293.

We see nothing to be gained from further discussion here of the principles enunciated in *Aguilar* and expanded in *Spinelli v. United States*, 393 U.S. 410, 21 L.Ed. 2d 637, 89 S.Ct. 584 (1969) and subsequent cases. Suffice to say that we have carefully examined the warrant in the light of these decisions and

we find the warrant and the affidavit it contains to be without constitutional defect.

[3] Defendant next contends that the court erred in denying his motions to dismiss the charges for a lack of sufficient evidence. He points out that there was no evidence that the marijuana seed found in his house weighed more than one gram, and consequently that possession of these seeds could not constitute felonious possession of marijuana. The court instructed the jury to this effect. Defendant further argues that the evidence does not connect him with the pig pen where a quantity of marijuana weighing in excess of one gram was found, or with the corn field where marijuana was found growing.

It is conceded that it was not shown that defendant owned the property on which the pig pen was situated or the land on which the marijuana plants were growing. However, the evidence was sufficient to permit the jury to infer that these areas were under defendant's control. The pig pen was within 25 yards of the rear of his residence. Only the backyard separated the pig pen and the house, and no other residences were located close enough to suggest that the pig pen was an appurtenant structure to another residence. Defendant was seen around the pig pen from time to time. The marijuana seeds located in defendant's house, the marijuana plants growing within 100 yards thereof and marijuana leaves located in the pig pen between the house and the field constitute sufficient evidence to take the case to the jury on both charges.

Evidence that an unintersected path led from the area of the pig pen to the field where the marijuana was growing strengthens the State's case. In *State v. Harrison*, 239 N.C. 659, 80 S.E. 2d 481, a jug of nontax-paid whiskey was found near a barbecue pit used by defendant. It was located approximately 75 yards from the defendant's house and there was a path leading from defendant's house to the pit. There were no other paths intersecting or joining and the jug of whiskey was found about 15 feet from the end of the path. The State's witnesses admitted they did not know who owned the premises where the whiskey was found. Defendant argued that since the State failed to offer evidence that the whiskey was found on his premises, the facts relating to its discovery and seizure, as well as the container and its contents, should have been excluded upon his objection. In rejecting this contention the court stated: "The

facts and circumstances incident to the discovery and seizure of the gallon of nontax-paid liquor, together with the uncertainty as to whether it was actually found on the premises of the defendant, or within a few yards thereof, went to its weight and credibility but not to its admissibility."

We hold that defendant's motions to dismiss were properly overruled.

The defendant has brought forward and argued several exceptions to the charge. A careful review of the charge in its entirety fails to convince us that it contains any error sufficiently prejudicial to warrant a new trial.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.