State v. Hood

STATE OF NORTH CAROLINA v. GILBERT HOOD

No. 718SC510

(Filed 15 December 1971)

**1. Searches and Seizures § 3— validity of narcotics search warrant**

Narcotics search warrant and its attached affidavit were in substantial compliance with statutory and constitutional requirements. G.S. Ch. 15, Art. 4.

**2. Criminal Law § 99— trial court's questioning of witnesses**

Trial court's questioning of S.B.I. agents concerning their handling of an exhibit in a narcotics case did not constitute an expression of opinion, but such questioning was merely for purposes of clarification of the agents' testimony. G.S. 1-180.

**3. Narcotics § 3— heroin prosecution — admission of exhibits**

In a prosecution charging defendant with the possession of heroin, it was proper to admit in evidence a matchbox and its contents of heroin which defendant threw on the floor when he was confronted by an S.B.I. agent.

APPEAL by defendant from *Cohoon, Judge,* 11 January 1971 Session of Superior Court held in LENOIR County.

The defendant was charged in a bill of indictment, proper in form, with the possession of the narcotic drug heroin, in violation of G.S. 90-88. Upon the defendant's plea of not guilty, the State introduced evidence tending to show the following: On 27 March 1970, at about 3:20 a.m., armed with a search warrant, W. W. Campbell, an agent for the State Bureau of Investigation, in company with deputy sheriffs of Wayne County and a police officer of the Town of LaGrange, went to Gilbert Hood's dance hall and cafe and knocked on the door. The defendant came to the door, and when he was asked by Agent Campbell if he was Gilbert Hood, he stated that he was. The defendant

opened the screen door and the officer stepped inside and identified himself. The defendant pulled his hands out of his pocket and threw something on the floor. The officer picked it up and found that it was a small matchbox containing capsules of white powder. Agent Campbell put the matchbox and its contents in a small envelope. Agent Campbell gave the envelope containing the matchbox to W. H. Thompson, Special Agent of the State Bureau of Investigation. After Agent Thompson had initialed the matchbox and sealed it in the small envelope, he and Agent Campbell put the package inside a larger envelope which they mailed to the State Bureau of Investigation Laboratory in Raleigh.

J. M. Dismukes, an analytical chemist employed in the State Bureau of Investigation Laboratory in Raleigh, received the package from Agent Thompson which he opened and found the small envelope containing the matchbox and the capsules. The white powder in the capsules was analyzed and found to contain a mixture of heroin and quinine. Mr. Dismukes initialed the matchbox, put it back in the small envelope, which he in turn put in the original envelope received from Agent Thompson, and mailed the entire package to Agent Thompson. Agent Campbell and Mr. Dismukes both identified the separate packages at the trial, and Mr. Dismukes testified that the small capsules contained heroin.

The defendant offered no evidence.

The jury found the defendant guilty as charged, and from a judgment imposing a prison sentence of not less than four nor more than five years, the defendant appealed.

*Attorney General Robert Morgan and Deputy Attorney General Andrew A. Vanore, Jr., for the State.*

*Herbert B. Hulse; and Beech and Pollock by D. D. Pollock for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first assigns as error the court's denial of his motion to quash the search warrant and suppress the evidence obtained from the search of the defendant's premises for that the affidavit upon which the search warrant was issued failed to meet the test for probable cause required by the decisions of

State v. Hood

the Supreme Court of the United States in the case of *Aguilar v. Texas,* 378 U.S. 108, 12 L. ed. 2d 723, 84 S.Ct. 1509 (1964); *Spinelli v. United States,* 393 U.S. 410, 21 L. ed. 2d 637, 89 S.Ct. 584 (1969). The requirements of *Aguilar* and *Spinelli* have been thoroughly discussed by the appellate courts in this State. Suffice it to say, in the instant case we have carefully examined the search warrant and the attached affidavit in the light of Article 4, Chapter 15, of the General Statutes of North Carolina, which was rewritten in 1969 to be effective upon its ratification on 19 June 1969, and in the light of the decisions in *Aguilar v. Texas, supra; Spinelli v. United States, supra; State v. Flowers,* 12 N.C. App. 487, 183 S.E. 2d 820 (1971); *State v. Moye,* 12 N.C. App. 178, 182 S.E. 2d 814 (1971); *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971); and *State v. Staley,* 7 N.C. App. 345, 172 S.E. 2d 293 (1970), and we hold the search warrant and the attached affidavit are in substantial compliance with statutory and constitutional requirements.

[2] Defendant contends the judge expressed an opinion, in violation of G.S. 1-180, by interrupting direct and cross-examination to ask questions of witnesses. An examination of all the exceptions noted in the record upon which this assignment of error is based reveals that all of the questions complained of were asked by the judge of S.B.I. Agents Campbell and Dismukes and related to their packaging, mailing, receipt, and opening of the small matchbox and its contents. It is a well settled rule in this State that a trial judge may ask questions of a witness in order to obtain a proper understanding and clarification of the witness' testimony. *State v. Strickland,* 254 N.C. 658, 119 S.E. 2d 781 (1961); *Andrews v. Andrews,* 243 N.C. 779, 92 S.E. 2d 180 (1956); *Wilkins v. Turlington,* 266 N.C. 328, 145 S.E. 2d 892 (1966); *State v. Blalock,* 9 N.C. App. 94, 175 S.E. 2d 716 (1970). We hold the questions asked by the judge in the instant case were clearly for the purpose of obtaining a proper understanding and clarification of the witnesses' testimony and did not in any way amount to an expression of opinion, in violation of the statute. This assignment of error is not sustained.

[3] Based on one exception in the record, the defendant contends the court erred in admitting into evidence over defendant's objection State's Exhibits 1, 2 and 3. This assignment of error has no merit. The matchbox and its contents (State's Exhibit 1),

the small envelope in which the matchbox and its contents were sealed (State's Exhibit 2), and the large envelope in which the small envelope and matchbox were mailed to the S.B.I. Laboratory (State's Exhibit 3), were all properly identified by the witnesses Campbell and Dismukes at the trial, and the court did not commit prejudicial error in allowing the State to introduce these exhibits into evidence.

Next, the defendant contends the court erred in denying his motion for judgment as of nonsuit made at the close of all the evidence. There is sufficient evidence in the record requiring the submission of this case to the jury.

We have carefully examined all of the defendant's assignments of error and find no prejudicial error.

No error.

Chief Judge MALLARD and Judge GRAHAM concur.