STATE OF NORTH CAROLINA v. JOE HENRY BANDY, JR.

No. 7210SC410

(Filed 28 June 1972)

Searches and Seizures § 3— affidavit for search warrant — time of occurrence of facts relied on

    Portion of affidavit for search warrant stating that defendant "is selling heroin from 1467 Sawyers Lane and transporting it on his 1971 auto," and that this information was received on the night of 20 May 1971, constituted a sufficient statement as to the time of the occurrence of the material and essential facts relied upon to support a finding of probable cause for issuance of a warrant to search for narcotics on 21 May 1971.

APPEAL by defendant from *Canaday, Judge,* 10 January 1972 Session of Superior Court held in WAKE County.

Defendant was tried upon a bill of indictment, proper in form, charging him with the felony of the unlawful possession of the narcotic drug heroin. From a verdict of guilty as charged and judgment of imprisonment, the defendant appealed.

*Attorney General Morgan and Associate Attorneys Byrd and Haskell for the State.*

*Robert P. Gruber for defendant appellant.*

MALLARD, Chief Judge.

The only question presented on this appeal is whether the court erred in failing to suppress the evidence obtained as a result of the search warrant used in this case. The defendant contends that the affidavit in support of the search warrant does not provide probable cause for the issuance of the warrant. The affidavit was duly sworn to on 21 May 1971 by C. J. Williams and reads as follows:

"Det. Sgt. C. J. Williams, Raleigh P.D. being duly sworn and examined under oath, says under oath that he has probable cause to believe that Joe Henry Bandy has on his premises and in his vehicle certain property, to wit: Heroin and other narcotics, the possession of which is a crime, to wit: Illegal possession of narcotics at 1467 Sawyers Lane, Apt. 5B on 5-24-71. The property described above is located on the premises and in the vehicle described as follows: A 1971 Chev. 2 Dr. (71) N. C. Lic. RB 8382 and an apartment located in an apartment complex and known as Apt. 5B, 1467 Sawyers La. The facts which establish probable cause for the issuance of a search warrant are as follows: On the 6th day of May 1971 Joe Bandy sold to S.B.I. Agent John Burns a quantity of heroin and told him that he had more that he would sell. Other persons present during the sale informed Agent Burns that Joe Bandy was a big dealer in heroin and cocaine. In addition to that information this affiant has received information from a person that has given information to me on at least 10 occasions in the past three years that proved to be true and led to arrest for narcotic and other violations *that Joe Bandy is selling heroin from 1467 Saywers (sic) Lane and transporting it on his 1971 auto.* Informant has made purchases from Joe Bandy on other occasions and also stated that Joe Bandy was a big dealer in narcotics. Joe Bandy has been arrested by this affiant on one occasion for the possession of heroin and cocaine. I have received information from other sources that have purchased heroin from Joe Bandy and have been told by some of these persons that Joe Bandy makes a trip to New York and returns with a large supply of drugs to resell. Joe Bandy is known by other members of the RPD Vice Squad as a dealer in heroin and is known by members of the SBI for drug

State v. Bandy

activities. The above information was received on the night of 5-20-71 and on prior occasions." (Emphasis added.)

The defendant contends that the affidavit portion of the search warrant does not contain an express statement as to the time of the occurrence of the facts relied upon as supporting a finding of probable cause. The contention is without merit. That portion of the affidavit stating that "Joe Bandy *is* selling heroin from 1467 Saywers (sic) Lane and transporting it on his 1971 auto" (emphasis added) and that this information was received on the night of 20 May 1971, is an express statement as to the time of some of the material and essential facts relied upon to support the finding of probable cause.

In *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881 (1972), it is said:

> It is not necessary that the affidavit contain all the evidence properly presented to the magistrate. *State v. Elder,* 217 N.C. 111, 6 S.E. 2d 840. G.S. 15-26(b) requires only that the affidavit indicate the basis for the finding of probable cause. We do not interpret this portion of the statute to impose a requirement upon the magistrate to transcribe all the evidence before him supporting probable cause. Such an interpretation would impose an undue and unnecessary burden upon the process of law enforcement."

See also *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972).

We hold that the affidavit and search warrant in this case meets all legal requirements in that (1) the person, premises, and contraband for which the search was to be made were accurately described in the affidavit, (2) the affidavit was signed under oath and contains the material and essential facts and underlying circumstances indicating the basis for a proper finding of probable cause and was a part of and attached to the warrant, and (3) the search warrant was signed and bears the date and hour of its issuance above the signature of the issuing official. See *State v. Hood,* 13 N.C. App. 170, 184 S.E. 2d 916 (1971); *State v. Spencer,* 13 N.C. App. 112, 185 S.E. 2d 1 (1971); *State v. Flowers,* 12 N.C. App. 487, 183 S.E. 2d 820 (1971), *cert. denied,* 279 N.C. 728; *State v. Bush,* 10 N.C. App. 247, 178 S.E. 2d 313 (1970), *appeal dismissed,* 277 N.C. 726; *State v. Milton,* 7 N.C. App. 425, 173 S.E. 2d 60 (1970); and *State v. Staley,* 7 N.C. App. 345, 172 S.E. 2d 293 (1970). It

was conceded on oral argument that the date on which the search warrant was actually issued was 21 May 1971 and that the date "4 day of May, 1971" appearing as the issue date on page 10 of the record on appeal was a typographical error.

In the trial we find no prejudicial error.

No error.

Judges CAMPBELL and BROCK concur.