STATE OF NORTH CAROLINA v. FRED MARK DOVER, III

No. 7210SC801

(Filed 20 December 1972)

Narcotics § 3; Searches and Seizures § 3— validity of search warrant — admissibility of seized items

In a case charging defendant with felonious possession of LSD and other drugs, the search warrant and the affidavit attached thereto were in substantial compliance with statutory and constitutional requirements and the trial judge did not err in denying defendant's motion to suppress the evidence obtained as a result of a search of defendant's dormitory room under authority thereof.

APPEAL by defendant from Canaday, Judge, 29 May 1972 Session of Superior Court held in WAKE County.

Defendant, Fred Mark Dover III, was charged in separate bills of indictment, proper in form, with:

(1)  felonious possession of a narcotic drug, to wit: lysergic acid diethylamide (LSD);

(2)  felonious possession of a narcotic drug, to wit: Phencyclidine;

(3) felonious possession of a narcotic drug, to wit: more than one gram of marijuana;

(4) felonious possession of 1,900 tablets of Amphetamine, a stimulant drug, for the purpose of "selling, dispensing, giving away such drug."

Upon the defendant's plea of not guilty, the State offered evidence tending to show that at about 9:50 p.m. on 13 May 1972, officers of the Raleigh Police Department, armed with a search warrant, went to defendant's room at 115 D, Bragaw Dormitory, North Carolina State University, Raleigh. The room was designed for occupancy by two people. After defendant was served with the search warrant, Officer Dickerson conducted a search of the room and found, on a bookshelf, a bag containing more than one gram of marijuana. Defendant identified the bookshelf as being his. In a chest of drawers, also identified by the defendant as being his, Officer Dickerson found a tin container containing approximately 1,900 white tablets, subsequently identified as Amphetamines, and a quantity of other pills, capsules and white powder, subsequently identified as being Phencyclidine, and LSD.

Defendant was found guilty as charged in each bill of indictment and from judgments imposing active consecutive prison sentences totalling 6 years, defendant appealed.

*Attorney General Robert Morgan and Assistant Attorney General Eugene Hafer for the State.*

*Russell W. DeMent, Jr., for defendant appellant.*

HEDRICK, Judge.

Defendant assigns as error the failure of the trial judge to suppress the evidence on the grounds that it was obtained with the use of an invalid search warrant.

We hold that the search warrant and the affidavit attached thereto are in substantial compliance with statutory and constitutional requirements and the trial judge did not err in denying defendant's motion to suppress the evidence obtained as a result of a search of defendant's premises under authority thereof. *State v. Vestal,* 278 N.C. 561, 180 S.E. 2d 755 (1971); *State v. Flowers,* 12 N.C. App. 487, 183 S.E. 2d 820 (1971); cert. den. 279 N.C. 728, 184 S.E. 2d 885 (1971); *State v. Moye,* 12 N.C. App. 178, 182 S.E. 2d 814 (1971).

After a careful examination of the record, we are of the opinion that the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge MALLARD and Judge MORRIS concur.