State v. Hayes

STATE OF NORTH CAROLINA v. JOHN ROBERT HAYES, JR.

No. 7521SC1005

(Filed 5 May 1976)

1. Jury § 5— jury selection while defendant absent

Defendant was not prejudiced by the fact that jury selection occurred while defendant was not in court where the trial judge gave defendant the opportunity, before the jury was impaneled, to confer with counsel concerning the composition of the jury, and defense counsel thereafter announced that the jury was acceptable to defendant.

2. Searches and Seizures § 3— sufficiency of affidavit for warrant

An officer's affidavit based on information received from a confidential informant was sufficient to support the issuance of a search warrant for marijuana where it alleged that the informant had previously given reliable information which led to several arrests, including one for possession of lottery tickets; the informant had seen marijuana on the premises shortly before the application for a warrant; and the informant had seen defendant use marijuana and sell drugs.

3. Criminal Law § 51— qualification of expert

In a prosecution for felonious possession of marijuana, the trial court did not err in ruling that a toxicologist was qualified to express his opinion that the substance in question was marijuana.

APPEAL by defendant from *Long, Judge.* Judgment entered 18 September 1975 in Superior Court, FORSYTH County. Heard in the Court of Appeals 19 March 1976.

Defendant was indicted for the felonious possession of marijuana.

The evidence at trial tended to show the following:

An investigator with the narcotics division of the Winston-Salem Police Department obtained a search warrant for defendant's premises. The investigator and other officers arrived at defendant's house about 9:15 p.m. on 21 March 1975. Defendant opened the door and the search warrant was read to him. After the warrant was read, defendant took three bags from his pocket and said, "I guess you want this." The officers had a police dog with them that was capable of helping locate marijuana. Defendant told them that if they would not carry the dog upstairs, he would show them what they wanted. He directed them to an upstairs closet where they found a bag containing 16 envelopes. An assistant toxicologist at North Carolina Bap-

tist Hospital examined the contents of one of the first three bags and determined that it contained marijuana. The same tests were made on four of the sixteen bags found in the closet and it was determined that they also contained marijuana. All of the bags were of the same size and shape, and all appeared to contain the same substance. The total weight of the substance seized was 56.4 grams.

Defendant offered no evidence.

The verdict was guilty. Judgment was entered imposing a prison sentence of not less than two and one-half nor more than three years. Defendant's court appointed trial counsel was appointed to perfect his appeal to this Court.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Stephens, Peed & Walker, by Herman L. Stephens, for defendant appellant.*

VAUGHN, Judge.

[1] Defendant first complains that jury selection was commenced while he was not in court. The case was scheduled for Monday. On that day, the District Attorney informed defendant's counsel that defendant could be excused from the courtroom and that they would be given a half day's notice before trial. About 10:30 a.m. on Thursday of the same week, the District Attorney's office started trying to locate defendant's counsel and defendant. The court waited for one hour for counsel to get there and, after his arrival, directed them to start selecting the jury. Counsel objected but was told by the court that the jury would not be impaneled until defendant arrived and discussed the composition of the jury with counsel. After twelve were in the box, defendant still had not arrived and the court began hearing defendant's motion to suppress, based on the alleged insufficiency of the search warrant. At 2:17 p.m. defendant arrived while the only witness on the motion to suppress was still on the stand. Defendant remained during the rest of the hearing and trial.

After he denied defendant's motion to suppress, the judge gave defendant the opportunity to confer with counsel concerning the composition of the jury. Thereafter, defense counsel announced, "Your Honor, I discussed the jury with the defend-

ant and the Jury is acceptable to him." Defendant's assignments of error based on the foregoing are overruled.

[2]    The second question raised is the correctness of the denial of defendant's motion to suppress, made on the ground that no probable cause was shown for the issuance of the search warrant. We hold that the affidavit in support of the application for the search warrant is clearly sufficient to support a finding of probable cause for the issuance of the warrant. This can best be demonstrated by simply setting out the affidavit.

"AFFIDAVIT TO OBTAIN A SEARCH WARRANT

F. A. Holman, Investigator Winston-Salem Police Dept. Narcotics Div. being duly sworn and examined under oath, says under oath that he has probable cause to believe that John Hayes aka Spanky has on his premises certain property; to wit; certain property, to wit: marijuana, the possession of which is a crime, to wit: a violation of the Controlled Substances Act 21 March 1975 2775 Piedmont Circle, Winston-Salem, N. C. This property described above is located on the premises and on his person described as follows: Brick duplex apts. trimmed in white with gray roof. Has the number 2775 on the door. The facts which establish probable cause for the issuance of a search warrant are as follows: I am Officer F. A. Holman of the Winston-Salem Police Dept. (Narcotics Unit) and as such am empowered to enforce the drug laws set forth in Chapter 90 of the North Carolina General Statutes. I have received information from a confidential informer that the narcotic drug marijuana is being kept and stored at 2775 Piedmont Circle. The informer has been to the above location in the past few hours and observed the narcotic drug marijuana being possessed and controlled at the above location. This information was received on the 21 March 1975.

The informant has furnished information in the past and the same has proven reliable. Information furnished by this informant has led to several arrests, information received from this information led to the arrest of Miss Elizabeth Furches for the possession of lottery. This case is now pending in Criminal Court.

The informant has seen the person named in this search warrant using marijuana in the past and has seen this individual sell drugs from his person."

State v. Hayes

Among other things, the affidavit discloses information that (1) the informer had, theretofore, given information that has proven reliable and led to several arrests, including one for the unlawful possession of lottery tickets, and (2) the informer has seen marijuana on the premises shortly before the application for the warrant and (3) the informant has seen the defendant use marijuana and sell drugs. Surely this discloses the *probability* that the criminal activity is being carried on.

We repeat what we said in *State v. Staley*, 7 N.C. App. 345, 172 S.E. 2d 293.

> "Only the probability and not a prima facie showing of criminal activity is the standard of probable cause. *Beck v. Ohio,* 379 U.S. 89, 13 L.Ed. 2d 142, 85 S.Ct. 223. The affidavit may be based on hearsay information and need not reflect the direct personal observation of the affiant. *Jones v. United States,* 362 U.S. 257, 4 L.Ed. 2d 697, 80 S.Ct. 725. Affidavits of probable causes are tested by much less rigorous standards than those governing the admissibility of evidence at trial. *McCray v. Illinois,* 386 U.S. 300, 18 L.Ed. 2d 62, 87 S.Ct. 1056. It must be remembered that the object of search warrants is to obtain evidence—if it were already available there would be no reason to seek their issuance. They must be issued upon information which may not at that time be competent as evidence by strict rules. *State v. Bullard,* 267 N.C. 599, 148 S.E. 2d 565. In judging probable cause, issuing magistrates are not to be confined by niggardly limitations or by restrictions on the use of their common sense. *United States v. Ventresca,* 380 U.S. 102, 13 L.Ed. 2d 684, 85 S.Ct. 741. Their determination of probable cause should be paid great deference by reviewing courts. *Jones v. United States, supra.* As Justice Fortas observes in his dissenting opinion in Spinelli, 'a policeman's affidavit should not be judged as an entry in an essay contest.'" *State v. Staley, supra,* at 349, 350.

[3]  Defendant contends that the court abused its discretion when it allowed the toxicologist to express his opinion that the substance was marijuana. The argument is without merit. Generally, the qualifications of a witness to testify as an expert in a particular field is a matter addressed to the sound discretion of the trial court. Moreover, the court made due inquiry of the qualifications of the witness and there is ample evidence to support its decision.

We have considered defendant's remaining assignments of error and conclude that no prejudicial error in defendant's trial has been shown.

No error.

Chief Judge BROCK and Judge MARTIN concur.