STATE OF NORTH CAROLINA v. ROGER C. W. MILTON AND
FERNANDEZ ZAMOT

No. 7012SC85

(Filed 1 April 1970)

1. **Criminal Law § 84— search under warrant issued without proper establishment of probable cause — exclusion of evidence**

Evidence obtained by virtue of a search warrant issued without a proper establishment of probable cause, as well as other unconstitutionally obtained evidence, must be excluded in state court prosecutions by virtue of the Fourth and Fourteenth Amendments.

**2. Searches and Seizures § 3—— issuance of state search warrant —— establishment of probable cause —— affidavit —— extrinsic evidence**

While the issuing authority must be informed of enough of the underlying circumstances to support a finding of probable cause for issuance of a state search warrant, it is not constitutionally required that all of these underlying circumstances be set forth in the affidavit to obtain the state search warrant.

**3. Searches and Seizures § 3—— search warrant for narcotics —— affidavit —— former G.S. 15-25.1**

Prior to its repeal effective 19 June 1969 by Ch. 869, 1969 Session Laws, G.S. 15-25.1 required that the affidavit for a search warrant for barbiturate or stimulant drugs establish the grounds for issuing the warrant.

**4. Searches and Seizures § 3; Criminal Law § 84—— search warrant for narcotics —— sufficiency of affidavit —— former G.S. 15-25.1**

Affidavit of a police officer that he had reliable information and reasonable cause to believe that a named person had in her possession at a specified address a quantity of marihuana and heroin, and that he received such information from a confidential source that in the past had been found to be true and reliable *is held* insufficient to establish the grounds for issuing the warrant under [former] G.S. 15-25.1 in force when the warrant was issued and the search was conducted, and evidence seized by search under the warrant is not admissible.

**5. Constitutional Law § 21; Searches and Seizures § 3—— standing to object to validity of search warrant**

Defendants have standing to object to the validity of a search warrant for narcotics directed to the premises of a third person, where defendants used this same address for purposes of their joint bank account, and defendants were both in the apartment with the seized evidence at the time of the search under the warrant.

GRAHAM, J., concurring by separate opinion.

APPEAL by defendants from *Hobgood, J.,* 22 September 1969 Session, CUMBERLAND Superior Court.

Defendants were jointly tried and convicted upon charges of possession of the narcotic drug marihuana, and of possession of the narcotic drug marihuana for the purpose of sale, barter, exchange, supplying, giving away or otherwise furnishing to others. (G.S. 90-86. et. seq.)

Defendants pleaded not guilty to the charges and moved to suppress the evidence obtained by search and seizure upon the grounds that the affidavit upon which the search warrant was issued was insufficient to support a finding of probable cause to issue the search warrant. The motion to suppress was denied and defendants excepted.

Likewise, on trial defendants aptly objected to introduction of the evidence obtained by the search and their objections were overruled.

From verdicts of guilty and active prison sentences imposed thereon, defendants appealed.

*Attorney General Morgan, by Staff Attorney Giles, for the State.*

*Downing, Downing and David, by Harold D. Downing, for Roger C. W. Milton.*

*Blackwell, Thompson and Swaringen, by Larry A. Thompson, for Fernandez Zamot.*

BROCK, J.

The affidavit attached to the search warrant reads as follows:

"Det. L. L. Sonberg, Fayetteville City Police Department being duly sworn and examined under oath, *says under oath that he has reliable information and reasonable cause to believe* that BESSIE SMITH has on her premises and or person and under her control a quantity narcotic drugs, to wit: a quantity of marihuana and herion (sic) in violation of the North Carolina Law. These illegally possessed narcotic drugs are located on the premises and or person at 689 Cape Fear Court, Fayetteville, N. C. described as follows: a multi-apartment building, Apartment 689 Cape Fear Court, Fayetteville, N. C. *The facts which establish reasonable grounds for issuance of a search warrant are as follows: received information from a confidential source that in the past has been found to be true and reliable.* That one Bessie Smith C/F has in her possession and under her control a quantity of narcotic drugs and that they are located in the premises of 689 Cape Fear Court. That a search warrant be issued and that all the narcotic drugs found be seized as evidence and brought before the court." (Emphasis added.)

**[2]** It is defendants' contention that constitutionally the affidavit for issuance of a search warrant is required to contain factual allegations sufficient to support a finding of probable cause by the issuing magistrate. They cite *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964), and *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969) as authority for the proposition that the Fourth Amendment to the Constitution requires the affidavit to contain all of the information upon which the magistrate makes a determination that probable cause exists for issuance of the search warrant. We do not agree with defendants' interpretation of the holdings in *Aguilar* and *Spinelli.*

In *Aguilar* the court was reviewing the showing of probable cause for the issuance of a *state* search warrant. In *Spinelli* the court was reviewing the showing of probable cause for the issuance of a *federal* search warrant. This difference in the two cases must be kept in mind.

**[1]** The Fourth Amendment to the Constitution of the United States provides in part that "no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized." In *Weeks v. United States,* 232 U.S. 383, 58 L. Ed. 652, 34 S. Ct. 341 (1914) it was held that evidence seized in violation of the provisions of the Fourth Amendment must be excluded in federal court prosecutions. In *Mapp v. Ohio,* 367 U.S. 643, 6 L. Ed. 2d 1081, 81 S. Ct. 1684 (1961) it was held that, by virtue of the "due process" clause of the Fourteenth Amendment, the Fourth Amendment was applicable to the states; and that the exclusionary rule of *Weeks* was likewise applicable in state prosecutions. Therefore, since *Mapp,* evidence obtained by virtue of a search warrant issued without a proper establishment of probable cause (as well as other unconstitutionally seized evidence) must be excluded in state court prosecutions. However, the Fourth Amendment does not require that probable cause must appear by affidavit. The constitutional requirement is that "no warrants shall issue but upon probable cause, supported by oath or affirmation." The procedure for the establishment of probable cause is not provided by the constitution, and the United States Supreme Court has not mandated that any particular procedure is constitutionally required. It would therefore appear, in the absence of statute or rule providing the procedure, that a procedure which forthrightly implements the safeguards of the Fourth Amendment is constitutionally sound.

In *Spinelli,* as pointed out above, a federal warrant was involved. There the court, although not specifically pointing it out, was dealing with a search warrant issued under the Federal Rules of Criminal Procedure. Rule 41, which deals with the subject of search and seizure, specifically provides that a warrant shall issue *only on affidavit* sworn to before a judge or commissioner and *establishing the grounds* for issuing the warrant. Therefore, a federal warrant, by rule, must be supported by an affidavit which on its face is sufficient to establish probable cause.

**[2]** In *Aguilar,* as pointed out above, a Texas state warrant was involved. There the court was dealing with the evidence which was presented to the Justice of the Peace for a finding of probable cause.

The affidavit was meager, and, after quoting it in the opinion, the court by footnote No. 1 stated: "The record does not reveal, nor is it claimed, that any other information was brought to the attention of the Justice of the Peace." Therefore, the court was faced with the proposition of whether the affidavit, standing alone, was sufficient to support a finding of probable cause. The court detailed the necessity that the issuing authority must be informed of enough of the underlying circumstances to support a finding of probable cause, but it did not hold that it was constitutionally required that these underlying circumstances must all be set forth in the affidavit to obtain a state search warrant.

[3]    Neither the Attorney General nor the defendants argue, or even mention, the controlling factor in this case; that is, the statutory requirement for the issuance of a search warrant in North Carolina. The provisions of G.S. 15-25.1 as amended by Chap. 453, Session Laws 1961, effective 18 May 1961, provided in part as follows: "A warrant shall issue only *on affidavit* sworn to. . . ., *establishing the grounds* for issuing the warrant." (Emphasis added.) This Article 4 of Chap. 15 of the General Statutes was repealed and completely rewritten by Chap. 869, Session Laws 1969, effective 19 June 1969; but the search warrant in this case was issued and the search conducted on 2 May 1969, over a month before the effective date of the 1969 rewrite. Therefore, since the prior statute is applicable to the warrant and search, we refrain from discussing the effects of the 1969 rewrite. Also, the statute in force at the time of the issuance of the warrant and the search in this case provided in part that "no facts discovered by reason of the issuance of such illegal search warrant shall be competent as evidence in the trial of any action: . . . ." G.S. 15-27.

[4]    Therefore, tested by the requirements of the statute (G.S. 15-25.1) in force at the time of the warrant and search, we hold that the affidavit upon which the search warrant in this case was issued did not *establish the grounds* for issuing the warrant, and therefore the evidence seized pursuant to the search under the warrant is not admissible against defendants.

The contention of the Attorney General that evidence could be offered on the suppression hearing to show what facts were before the magistrate (in addition to the averments of the affidavit), and thereby establish that probable cause existed for issuance of the warrant, is unavailing under the mandate of the statute in force at the time in question.

[5]    Likewise, we do not agree with the Attorney General's con-

tention that these defendants have no standing to object to the search warrant. See *Jones v. United States,* 362 U.S. 257, 4 L. Ed. 2d 697, 80 S. Ct. 725 (1960). The affidavit and the search warrant are directed to the premises of one Bessie Smith, and, although the testimony indicates she was arrested along with the two appealing defendants, the record on appeal does not disclose what charges, if any, were lodged against her, or their disposition. In any event, according to the evidence, the two defendants used this same address for purposes of their joint bank account, and they were both upstairs in the apartment with the seized evidence at the time of the search. There is nothing in the evidence to suggest that defendants illegally gained or retained their presence in the apartment.

From the evidence it seems clear there was illegal possession and use of the narcotic drug marihuana by someone at the premises searched. The search revealed vegetable matter, all of which contained marihuana, in envelopes and boxes, and an old fashioned coffee grinder along with packages of cigarette papers. However, unless the State can proceed without the evidence seized by the search, the apparently guilty parties cannot be successfully prosecuted. Perhaps the statutory requirements were too rigid for compliance by officers in their efforts to apprehend violators of the law; but it is a matter of clear and unambiguous legislation and it is for the legislature, not the courts, to make any needed statutory changes.

For failure of the affidavit to comply with the statutory requirement, it was error to refuse to suppress the evidence seized as a result of the search under the search warrant issued in this cause.

New trial.

BRITT, J., concurs.

GRAHAM, J., concurs by separate opinion.

GRAHAM, J., concurring:

In my opinion the affidavit in question is insufficient under the statute in force at the time because it fails to indicate how the complainant's confidential informant received his information or why the informant's sources were reliable if he came about the information indirectly. This factual information must be established under oath before a warrant may issue. *Spinelli v. United States,* 398 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969). However, as pointed out in the opinion of the majority there is nothing in any of the federal decisions to say that such evidentiary facts must appear in the affi-

davit itself where a *state* warrant is involved. In fact, it may be inferred from certain dicta in *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964) that where a state warrant is involved extrinsic evidence may be used to show that the warrant was in fact issued upon the establishment of probable cause. See footnote No. 1 of *Aguilar* which is cited in the majority opinion.

It therefore appears that unless the State statute requires that the affidavit contain all of the grounds necessary to establish probable cause, a procedure for the establishment of the validity of a warrant such as suggested by the Attorney General and referred to in the majority opinion would be sound. I agree with the majority that such procedure is unavailable here because at the time of the search here in question G.S. 15-25.1 required that the grounds for the issuance of the warrant be *established* in the affidavit. This section has now been replaced by G.S. 15-26(b) which was effective 19 June 1969 and which requires only that the affidavit *indicate* the basis for the finding of probable cause.

Because of the wide confusion that now exists with respect to search warrants, I think it important to go further than the majority and express opinion as to the effect of the new statute. In my opinion a warrant, issued pursuant to G.S. 15-26(b) and after its effective date, which contains or has attached to it an affidavit that fails to include *all* of the information necessary to establish a finding of probable cause may nevertheless be shown to be sufficient if the affidavit indicates the basis for such a finding.

In my opinion, the affidavit here in question is sufficient to *indicate the basis* for a finding of probable cause and if the warrant had been issued subsequent to 19 June 1969, I would vote to remand the case for the purpose of allowing the State to present evidence on *voir dire,* if it could, as to what information was presented under oath to the official issuing the warrant. The burden of establishing the validity of the warrant would be on the State and would be met if the trial court found facts based on competent evidence that would support the following necessary conclusions: (1) That at the time the complainant sought the warrant he was in possession of information sufficient to establish probable cause for the issuance of the warrant. (2) That he made this information known under oath or affirmation to the official who issued the warrant. (3) That the issuing official found probable cause for the issuance of the warrant based upon the information given him under oath by the complainant.

The better practice will always be to set forth in the affidavit

the detailed information comprising the grounds for issuing the warrant. However, if a warrant is in fact obtained without violating any constitutional or statutory provisions the State should be permitted to show as much. Such a procedure finds support in the language of G.S. 15-27(b) which also became effective 19 June 1969. There it is provided: "No search may be regarded as illegal solely because of technical deviations in a search warrant from requirements not constitutionally required." As pointed out in the majority opinion there is no constitutional provision requiring that all the grounds necessary for a finding of probable cause be set forth in a written affidavit.