STATE OF NORTH CAROLINA v. JOHN MICHAEL BUSH

No. 704SC620

(Filed 30 December 1970)

1. **Criminal Law § 162— assignment of error to exclusion of evidence on voir dire**

    There was no evidence to support defendant's assignment of error that the trial judge on *voir dire* would not allow defendant to cross-examine the State's witness concerning the circumstances surrounding the testimony given to the magistrate by the affiant in obtaining a search warrant, and the assignment of error is overruled.

2. **Criminal Law § 102— argument of U. S. district court case**

    Trial court's refusal to allow defense counsel to cite and argue a U. S. District Court case was not error.

3. **Criminal Law § 165— argument of counsel — exception to ruling of trial court**

It is the final ruling of the judge upon the question of law that should be the subject of exception by defendant, not what argument of counsel the judge allowed or did not allow.

4. **Criminal Law § 161— exception and assignment of error in general — judge's process in arriving at a decision**

The mental process by which a trial judge arrives at his ruling on a question of law is not the subject of exceptions and assignments of error.

5. **Criminal Law § 84— motion to suppress evidence — voir dire procedure**

On motion to suppress the evidence, the trial judge is required to remove the jury from the courtroom and conduct a *voir dire*.

6. **Searches and Seizures § 3— issuance of search warrant — finding of probable cause — narcotics violation**

An affidavit by an S.B.I. agent that the defendant has possession of LSD and other narcotic drugs on his premises, and that the agent has received this information from a confidential informant who has previously given information leading to the arrest and conviction of narcotic violators, *held* sufficient to support a finding of probable cause.

7. **Searches and Seizures § 3— search warrant — applicability of G.S. 15-26**

G.S. 15-26 is applicable to an affidavit and search warrant dated 4 February 1970.

8. **Searches and Seizures § 3— search warrant and affidavit — statutory and constitutional requisites**

A search warrant and affidavit met the requirements of G.S. 15-26, as well as the requirements of the Fourth Amendment to the U. S. Constitution, where (1) the warrant described with reasonable certainty the premises to be searched and the contraband for which the search was to be made, (2) the affidavit indicated the basis for a finding of probable cause, and (3) the warrant was signed by the magistrate and bore the date and hour of its issuance.

APPEAL by defendant from *Copeland, Judge of the Superior Court,* 18 May 1970 Session, ONSLOW Superior Court.

Defendant was charged in a bill of indictment with the felony of possession of a quantity of narcotic drugs, namely, lysergic acid diethylamide, commonly known as LSD.

The State's evidence tended to show the following: City police, sheriff's deputies, and SBI agents, went to defendant's mobile home to search for narcotic drugs under authority of a search warrant. One of the officers knocked upon the door and immediately there was movement inside the trailer, feet moving

---

---

up and down the hall. Someone inside called out several times that they would be there in just a minute. A whiff of smoke came out the chimney; it had a "real rank odor." The door to the mobile home was opened some two or three minutes after the officers first knocked, and when they gained admission the stove was open and the flames were leaping out of it; there was a great deal of smoke and bad odor in the home. A "real rank, real sweet" odor was coming from the stove. The officers found two plastic bags containing 115 orange tablets which contained LSD. They also found in the kitchen cabinet two boxes of empty gelatin capsules, a small funnel, and a paper bag containing over six hundred dollars.

Defendant offered no evidence.

From a verdict of guilty and judgment of imprisonment entered thereon, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Wood for the State.*

*Jerry Paul for the defendant.*

BROCK, Judge.

[1] Defendant assigns as error that the trial judge, on *voir dire*, would not allow defendant to cross-examine State's witness concerning the "circumstances surrounding the testimony given to the magistrate by the affiant in obtaining a search warrant." The record on appeal does not disclose that any question asked the State's witness was not allowed to be answered. True, there was some discussion between defense counsel and the presiding judge concerning the nature of the cross-examination being conducted by defense counsel, and the presiding judge stated to defense counsel: "Mr. Godwin, let's stay within the bounds of reason and law." In response to this request Mr. Godwin answered: "All right, sir." But nowhere in the record on appeal is there any question propounded by defense counsel that was not answered. This assignment of error is overruled.

[2] Defendant next assigns as error that "the trial judge erred in failing to allow the attorney for defendant to cite and argue a United States District Court case."

The following colloquy between the trial judge and defense counsel in the absence of the jury appears in the record on appeal:

State v. Bush

"MR. PAUL: Your Honor, in light of your question that you directed to all the attorneys before we went into the question of the search warrant, the question about the word that the informant had been on the premises before and observed Michael Bush using narcotic drugs. I have here your Honor, a case written by Judge McMillan of the United States District Court . . .

"THE COURT: That would not be authoritative to this Court, that is an inferior Court and I do not wish to hear anything from that Court. I am sorry."

[3] We perceive no error in the ruling. The record on appeal does not disclose what question of law defense counsel sought to argue; but, in any event it is the final ruling of the judge upon the question of law that should be the subject of exception by defendant, not what argument of counsel the judge allowed or did not allow. This assignment of error is overruled.

Defendant assigns as error that "the trial court erred in making a ruling that the magistrate could not go beyond the sworn affidavit as a matter of law." The following appears in the record on appeal:

" (At this point Mr. Paul argued the question as applied to search and seizure.)

THE COURT: All she had to do was look at the affidavit, there is no obligation on her to go beyond the sworn affidavit—"

[4] The foregoing was a continuation of argument of defense counsel, in the absence of the jury, upon defendant's motion to suppress the evidence obtained by search. Again we perceive no error in the trial judge making the statement to which defendant assigns error. Argument upon whether the judge's statement is a correct statement of the law is only an exercise in academics. The mental process by which a trial judge arrives at his ruling on a question of law is not the subject of exceptions and assignments of error. The basic question of law before Judge Copeland was a ruling upon defendant's motion to suppress the evidence; and it was his ruling upon this motion which should be the basis for defendant's exception and assignment of error. This assignment of error is overruled.

[5] Defendant next assigns as error that the trial judge denied his motion to suppress the evidence. When the motion was made

the trial judge removed the jury from the courtroom and conducted an extensive *voir dire*. This was the proper procedure to follow. *State v. Basden,* 8 N.C. App. 401, 174 S.E. 2d 613.

[6] The affidavit attached to the search warrant reads as follows:

> "Wade Anders, S.B.I. being duly sworn and examined under oath, says that he John Michael Bush, alias John B. Michael has in his possession and on his premises narcotic drugs, to wit: LSD, Hashish and Marijuana, in violation of the North Carolina law. These illegally possessed narcotic drugs are located on his premises, a mobile home, Lot X, Old Pine Trailer Park, Rt. 1, Jacksonville described as follows: a mobile home, color white and green located on Lot X, Old Pine Tr. Pk., Rt. 1, Jacksonville, N. C. The facts which establish reasonable grounds for issuance of a search warrant are as follows: This agent has received information from a confidential informant, who has in the past given information resulting in the arrest and conviction of Narcotic Cases. The informant advises that he has observed and used Narcotic Drugs at the home of John Michael Bush alias John B. Michael Lot X Old Pine Tr. Pk. Rt. 1, Jacksonville, N. C. The informant advises that a large quantity of Narcotic Drugs will be located at John Michael Bush alias John B. Michael Lot X Old Pine Tr. Pk. Rt. 1, Jacksonville, N. C. The subject John Michael Bush alias John B. Michael is a known Narcotic Dealer and user of Narcotic Drugs. The subject John Michael Bush alias John B. Michael has in the past been arrested and convicted of Narcotic Violations."

[6, 7] The affidavit and search warrant are dated 4 February 1970, therefore G.S. 15-26 is applicable. See concurring opinion by Graham, J., in *State v. Milton,* 7 N.C. App. 425, at 430, 173 S.E. 2d 60, at 63. We hold that the foregoing affidavit sufficiently *indicates the basis* for a finding of probable cause and supports the finding of probable cause made by the magistrate.

[8] In this case the search warrant describes with reasonable certainty the premises to be searched and the contraband for which the search is to be made. G.S. 15-26(a). The affidavit attached to the warrant indicates the basis for a finding of probable cause. G.S. 15-26(b). The warrant is signed by a magistrate and bears the date and hour of its issuance. G.S. 15-26(c). There-

fore the affidavit and warrant meet the statutory requirements. In our opinion they also satisfy the requirements of the Fourth Amendment to the Constitution of the United States. cf. *State v. Milton, supra.* This assignment of error is overruled.

Defendant further assigns as error two portions of the judge's charge to the jury; each relates to the judge's explanation of constructive possession and control. When the charge is read in context, as it must be, we hold that it fairly and accurately presents the case to the jury. These assignments of error are overruled.

No error.

Judges MORRIS and VAUGHN concur.