STATE OF NORTH CAROLINA v. JOHN PAUL WRENN

No. 7110SC410

(Filed 4 August 1971)

1. **Searches and Seizures § 3— sufficiency of affidavit for search warrant**
   Affidavit was sufficient under [former] G.S. 15-25.1 for issuance of a search warrant for marijuana where the affiant had observed marijuana plants growing in defendant's backyard.

2. **Criminal Law § 84— statements to police as fruits of search**
   Contention that statements made by defendant to officers should have been excluded as "fruits of an illegal search" is without merit where the search was conducted under a valid warrant.

3. **Constitutional Law § 30— speedy trial**
   The record on appeal fails to show that defendant was denied a speedy trial where it shows only that defendant was arrested on 15 July 1968 and was tried in February 1971, the passage of time standing alone showing no prejudice to defendant.

APPEAL by defendant from *Brewer, Judge,* 1 February 1971 Session of Superior Court held in WAKE County.

Defendant was charged in a bill of indictment, proper in form, with the felony of possession of the narcotic drug marijuana.

State's evidence tended to show the following: On 15 July 1968 defendant resided in a duplex apartment in Knightdale. On that date law enforcement officers served a search warrant on defendant at his residence for the purpose of searching for marijuana. Defendant led the officers to an upstairs bedroom and pointed out vegetable material in a bowl and some in a bag. The contents of this bowl and bag were identified by a chemist as 154 grams of marijuana. During the course of the search marijuana plants were found growing in defendant's backyard.

Defendant offered no evidence.

From a verdict of guilty of possession of marijuana in excess of one gram, and a prison sentence of not less than one nor more than two years, defendant appealed.

*Attorney General Morgan, by Trial Attorney Cole, for the State.*

*Tharrington & Smith, by Roger W. Smith, for the defendant.*

BROCK, Judge.

Defendant argues much of his assignments of error as though he had been charged and convicted under G.S. 90-111.1 of the felony of growing marijuana. Defendant was charged and convicted of the felony of possession of marijuana under G.S. 90-88.

[1] Defendant assigns as error that no probable cause for issuance of the search warrant is set out in the affidavit. Defendant relies upon the requirements of G.S. 15-25.1 prior to its repeal and rewrite in 1969, and relies upon our decision in *State v. Milton*, 7 N.C. App. 425, 173 S.E. 2d 60. The search warrant in the instant case was issued while G.S. 15-25.1, cited above, was in effect. However the affidavit in this case passes the tests which the affidavit in *Milton* failed to pass. In the present case the affiant observed marijuana plants growing in defendant's backyard. This alone justified a finding of probable cause to issue the search warrant. The evidence on *voir dire*

only serves to strengthen the probable cause. This assignment of error is overruled.

[2]   Defendant assigns as error that statements made by defendant to the officers should have been excluded as "fruits of an illegal search." We have held the search warrant valid; therefore, this assignment of error is overruled without further discussion.

[3]   Defendant assigns as error that the trial judge denied his motion to quash the indictment. The minutes of the Court show the following: "2/1/71 Upon the calling of this case for trial, defendant through counsel, Carl Churchill, made a motion to quash the bill of indictment. Motion denied." The Record on Appeal discloses no grounds for the motion, nor any evidence in support of any grounds to quash the indictment. For the first time, in his brief, defendant undertakes to argue that the indictment should be quashed because he was denied a speedy trial. From the Record on Appeal we can see that defendant was arrested on 15 July 1968, the same date the search warrant was issued, and that defendant was tried in February 1971. This passage of time standing alone shows no prejudice to defendant; so far as we can tell the delay may have been at defendant's requests. This assignment of error is overruled.

Upon an examination of the entire record we conclude that defendant had a fair trial, free from prejudicial error.

No error.

Judges MORRIS and HEDRICK concur.