STATE OF NORTH CAROLINA v. ARTHUR RAWLINGS

No. 738SC82

(Filed 13 June 1973)

1. **Constitutional Law § 30— two month delay — right to speedy trial**
    Trial court properly refused to grant defendant's motion to dismiss for lack of a speedy trial where defendant did not show that a delay of two months between the offense and the issuance of a warrant for his arrest was prejudicial to him or was purposeful and due to the neglect or willfulness of the State.

2. **Constitutional Law § 31— witnesses not produced by State — no error**
    Assignments of error to the State's failure to make available to defendant a witness to the alleged offense and to the State's failure to produce at trial a witness to the alleged offense are without merit.

3. **Intoxicating Liquor § 14— sale of non-tax-paid whiskey — sufficiency of evidence**
    Evidence was sufficient to submit to the jury the question of defendant's guilt of selling non-tax-paid whiskey.

APPEAL by defendant from *Cowper, Judge,* 24 July 1972 Session, Superior Court, WAYNE County.

Defendant was charged with possession and with sale of non-tax-paid whiskey. He entered a plea of not guilty to both charges. The jury found him guilty of the sale of non-tax-paid whiskey. From the judgment entered on the verdict, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Giles, for the State.*

*Herbert B. Hulse for defendant appellant.*

MORRIS, Judge.

[1] Defendant's first assignment of error is directed to the failure of the court to grant his motion to dismiss for lack of a speedy trial. It appears from the record that the offenses charged occurred on 15 February 1972, and the warrant for defendant's arrest was not issued until 12 April 1972. Without question, a *purposeful* delay in issuing a warrant can place a defendant at a special disadvantage. Without knowledge of impending service of a warrant, an innocent person would have no reason to fix dates and time and places in his memory. Memories dim with the passage of time. Frequently witnesses are

not available. "The burden is on an accused who asserts the denial of his right to a speedy trial to show that the delay was due to the neglect or willfulness of the prosecution." *State v. Johnson*, 275 N.C. 264, 269, 167 S.E. 2d 274 (1969). Here defendant has not shown that the delay of slightly less than two months was prejudicial. He has not shown that the delay was purposeful and due to the neglect or willfulness of the State. This passage of time standing alone shows no prejudice. See *State v. Wrenn*, 12 N.C. App. 146, 182 S.E. 2d 600 (1971), appeal dismissed, 279 N.C. 620, 184 S.E. 2d 113 (1971), cert. denied, 405 U.S. 1064, 92 S.Ct. 1492, 31 L.Ed. 2d 794 (1972).

[2] Also included in assignment of error No. 1, albeit erroneously, is defendant's contention that the court erred in denying his motion to require the State to furnish and make available to him a witness to the alleged offense. Defendant cites no authority for this position. Suffice to say that the record clearly discloses that defendant was aware of the witness's participation in the matter very shortly after defendant was arrested—at his trial in District Court. The power of subpoena was available to defendant but, as to this witness, not used. This assignment of error is overruled in its entirety.

Akin to the foregoing contention is the contention contained in assignment of error No. 4—that the court should have granted defendant's motion for dismissal based on the State's failure to produce John (T-Bone) Kornegay as a witness. Mr. Kornegay was witness to the transaction. Again, defendant cites no authority. The assignment of error is totally without merit and is overruled.

Assignment of error No. 2 groups seven exceptions to the allowing of evidence defendant deems incompetent. Assuming arguendo that error occurred in one or more of the rulings, the error was not sufficiently prejudicial to require a new trial.

[3] Finally defendant contends that nonsuit should have been granted as to the charge of the sale of non-tax-paid whiskey. Our review of the record discloses plenary evidence for submission of this charge to the jury.

Defendant has had a fair and impartial trial free from prejudicial error.

No error.

Judges BRITT and PARKER concur.