STATE OF NORTH CAROLINA v. WILLIAM LOGAN

No. 7326SC397

(Filed 27 June 1973)

1. **Searches and Seizures § 3— variance between affidavit and affiant's testimony — validity of warrant**

    Where the affidavit was clearly sufficient to establish the reliability of the informer and to establish probable cause for issuance of the search warrant, testimony of the affiant on *voir dire* was unnecessary, and any slight variance between the affidavit and the affiant's testimony was insignificant.

2. **Criminal Law § 113— instruction as to fact not in evidence — prejudicial error**

    The trial court committed error requiring a new trial where the judge in giving instructions to the jury recapitulated testimony of an officer which was given only on *voir dire* in the absence of the jury and which was material to the charge against defendant.

APPEAL by defendant from *Copeland, Judge,* 15 January 1973 Session of Superior Court held in MECKLENBURG County.

Defendant was charged in a bill of indictment, proper in form, with felonious possession of heroin. Upon his plea of not guilty, he was tried by jury and found guilty. A sentence of imprisonment of not less than four nor more than five years was imposed. Defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Wood, for the State.*

*Olive, Howard, Downer, Williams and Price, by Paul J. Williams, for defendant.*

BROCK, Judge.

[1] Defendant assigns as error the denial of his motion to suppress the evidence obtained under authority of the search warrant issued in this case. Defendant argues that the affidavit upon which the search warrant was issued is insufficient because there are variations between the statements in the affidavit and the statements of the affiant on voir dire at the trial. There are some variations, but we consider them to be insignificant.

When a defendant moves to suppress evidence obtained by a search warrant upon the ground that there was no probable

cause for issuance of the search warrant, the inquiry before the court is whether the issuance of the warrant comports with G.S. 15-26, and whether the magistrate was justified in finding probable cause. The court should determine from an examination of the affidavit and warrant whether (1) the premises, person, or other place to be searched and the contraband, instrumentality, or evidence for which the search is made are described with reasonable certainty; (2) the attached affidavit *indicates the basis* for the finding of probable cause; and (3) the warrant is signed by the issuing official and shows the date and hour of issuance. If the foregoing three tests are met, the warrant complies with the statute. *State v. Bush,* 10 N.C. App. 247, 178 S.E. 2d 313. If, in addition to meeting the foregoing three tests, the affidavit contains sufficient facts to *establish* probable cause for the issuance of the search warrant, it also satisfies Fourth Amendment requirements, *State v. Bush, supra,* and there is no need for testimony of witnesses to establish the validity of the search warrant. If the affidavit *indicates the basis* for the finding of probable cause, but is not in itself sufficient to establish probable cause, testimony of witnesses will be necessary to establish whether there was in fact sufficient evidence before the magistrate to justify his finding of probable cause to issue the search warrant. For a discussion of the requirements for a valid search warrant, see the majority and concurring opinions in *State v. Milton,* 7 N.C. App. 425, 173 S.E. 2d 60.

In the case presently under consideration, the affidavit was clearly sufficient to establish the reliability of the informer and to establish probable cause for issuance of the search warrant. Therefore, the testimony on voir dire was unnecessary. The State carried its burden of showing a properly issued search warrant in this case by merely offering the warrant itself with the attached affidavit. There was no purpose to be served by offering on voir dire the same testimony as was already contained in the affidavit.

If the defendant wishes to attack the motives and the credibility of the affiant or the magistrate, defendant should be given the opportunity to offer evidence for that purpose. However, if the affidavit is sufficient to establish probable cause the defendant's objection does not impose the burden upon the State of going back through the testimony and the motions of the warrant issuing process for the purpose of allowing defend-

State v. Logan

ant an opportunity to pick out some insignificant and inconsequential inconsistency between the present testimony and the affidavit which was before the magistrate. Upon the motion to suppress, the inquiry is not whether probable cause to issue the search warrant exists at the time of trial. The proper inquiry is whether there were sufficient facts before the magistrate at the time of issuing the search warrant to justify the magistrate's finding of probable cause, and whether the warrant complies with the statute. This assignment of error is without merit.

[2] Defendant assigns as error that the court expressed an opinion upon a vital issue in its charge to the jury. We think the expression was clearly unintentional; nevertheless, the message was given to the jury. One of the vital issues in the case was whether the substance obtained from defendant was in fact heroin. The State had the burden of proving beyond a reasonable doubt that the substance was heroin.

In his charge to the jury the trial judge undertook an unnecessary and laborious recapitulation of the testimony of each witness. In this case, the judge went even further and recapitulated the testimony of each witness on direct examination and then on cross-examination. Undertaking this unnecessary and laborious technique caused his honor to fall into error which requires a new trial.

Unfortunately, his honor recapitulated testimony of the officer which was given only on voir dire in the absence of the jury. In recapitulating this testimony his honor inadvertently reviewed for the jury testimony which was not before it. It was testimony which was material to the charge against defendant. Regardless of whether the testimony would have or would not have been competent before the jury, it was, in fact, not before the jury. This constituted a misstatement of a material fact not shown in evidence. 1 Strong, N. C. Index 2d, Appeal and Error § 31, p. 169.

Defendant's remaining assignments of error have been considered and we hold them to be without merit.

New trial.

Judges MORRIS and PARKER concur.