STATE OF NORTH CAROLINA v. WILLIAM PENN HOWELL AND
DWIGHT ELLIOT SYMONDS

No. 7319SC451

(Filed 11 July 1973)

Searches and Seizures § 3— insufficient affidavit — oral information be-
fore issuing magistrate — sufficiency of affidavit and information to-
gether

   Though the affidavit in question was insufficient on its face to
   support the issuance of a search warrant in that it did not state the
   underlying circumstances from which the affiant concluded that the
   undisclosed informant was reliable and it did not state the underlying
   circumstances upon which the informant concluded that a crime had
   taken place or was taking place at the named premises, information
   given orally and under oath to the issuing magistrate and the affi-
   davit together were sufficient to support issuance of the search war-
   rant; therefore, defendants' motions to exclude from evidence the LSD
   gained as a result of the search were properly denied.

APPEAL by defendants from *Long, Judge,* 22 January 1973
Session of RANDOLPH Superior Court.

Defendants were found guilty of possession of lysergic
acid diethylamide (LSD) on 3 August 1972 in Asheboro, North
Carolina, and sentenced to imprisonment each for a term of
two to four years.

The prosecution arose out of the discovery of ·LSD in
Symonds' apartment pursuant to a search conducted on 3 August
1972, which search was authorized by a search warrant.

*Attorney General Robert Morgan by Assistant Attorney
General Charles M. Hensey for the State.*

*Bell, Ogburn & Redding by John N. Ogburn, Jr., for defend-
ant appellants.*

CAMPBELL, Judge.

The affidavit supporting the issuance of the search war-
rant reads as follows:

   "David Marshall, Special Agent, SBI, being duly
   sworn and examined under oath, says under oath that he
   has probable cause to believe that Dwight Symonds has on
   his premises certain property, to wit: Lysergic acid
   diethylamide, the possession of which is a crime, to wit:

possession for the purpose of distribution of a controlled substance, included in Schedule I of the North Carolina Controlled Substance Act. The property described above is located on the premises described as follows: Top apartment of a two story structure, green asbestos siding, located at 1332 South Fayetteville St., Asheboro, N. C. The downstairs was Formally (sic) Kearns Television and is now unoccupied. The facts which establish probable cause for the issuance of a search warrant are as follows: On Thursday morning, August 3, 1972, affiant received information from a confidential source that that affiant has been found to be accurate and reliable in the past. This source advised that there were 25 four way hits of 'Orange Berkley' located in the back room of the aforementioned and described location. Affiant believes 'Orange Berkley' to be same as 'Orange Sunshine' which is drug jargon for Lysergic acid diethylamide."

This affidavit, on its face, is insufficient to support the issuance of a search warrant. It does not contain a statement of the underlying circumstances from which the affiant concluded that the undisclosed informant is reliable, and it does not contain the underlying circumstances upon which the informant concluded that a crime had taken place, or was taking place at the named premises. *Aguilar v. Texas*, 278 U.S. 108, 12 L.Ed. 2d 723, 84 S.Ct. 1509 (1964).

On voir dire examination Agent Marshall testified that he told the issuing magistrate, under oath, the following facts (in summary) : (1) That the informant was newly employed as such by the agent, and that the agent did not want to give facts in the affidavit which may lead to disclosure of the informant's identity; (2) That on 2 August 1972 the informant had personally been inside the apartment and there purchased a quantity of LSD; (3) That the informant described the house and the upstairs apartment; (4) That while the informant had not given in the past any information leading to the arrest of any persons, he had given the agent names of people in the drug business, with which names the agent was familiar.

The issuing magistrate testified that the S.B.I. agent had told him that there was a large amount of traffic to and from defendant's residence.

The above information, if it had been contained in the written affidavit, would have been sufficient to supply reason-

able cause to believe that search of the described premises would reveal the presence of LSD. *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972).

Must that information be contained in a written affidavit made under oath?

Fed. R. Crim. P. 41(c) states: "A warrant shall issue *only on affidavit* sworn to before the judge or commissioner and establishing the grounds for issuing the warrant." (Emphasis added.) At least six federal courts of appeals have interpreted that rule to require a "four corners" approach: That all data necessary to show probable cause for the issuance of a search warrant must be contained within the four corners of a written affidavit given under oath. See *United States v. Anderson,* 453 F. 2d 174 (9th Cir. 1971); *United States v. Pinkerman,* 374 F. 2d 988 (4th Cir. 1967); *United States v. Sterling,* 369 F. 2d 799 (3rd Cir. 1966); *United States v. Freeman,* 358 F. 2d 459 (2d Cir. 1966); *Rosencranz v. United States,* 356 F. 2d 310 (1st Cir. 1966); and *United States v. Whitlow,* 339 F. 2d 975 (7th Cir. 1964).

G.S. 15-25.1 (now repealed) tracked the language of Federal Rule 41 in requiring a warrant to issue "only on affidavit," and in *State v. Milton,* 7 N.C. App. 425, 173 S.E. 2d 60 (1970), this Court held that an insufficient affidavit could not be supplemented by oral testimony before the issuing magistrate.

G.S. 15-25(a) now provides that designated judicial officers "may issue a warrant to search . . . upon finding probable cause for the search." G.S. 15-26(b) now provides that "An affidavit signed under oath or affirmation by the affiant or affiants and indicating the basis for the finding of probable cause must be a part of or attached to the warrant." There is no language in these North Carolina statutes which limits the judicial officer's attention only to those facts recited in a written affidavit taken under oath. *State v. Flowers,* 12 N.C. App. 487, 183 S.E. 2d 820, *cert. denied,* 279 N.C. 728, 184 S.E. 2d 885 (1971).

In 1972 our Supreme Court held:

"It is not necessary that the affidavit contain all the evidence properly presented to the magistrate. *State v. Elder,* 217 N.C. 111, 6 S.E. 2d 840. G.S. 15-26(b) requires only that the affidavit indicate the basis for the finding of probable cause. We do not interpret this portion of the

statute to impose a requirement upon the magistrate to transcribe all the evidence before him supporting probable cause. Such an interpretation would impose an undue and unnecessary burden upon the process of law enforcement." *State v. Spillars*, 280 N.C. 341, 185 S.E. 2d 881 (1972).

We hold that the affidavit and the supporting testimony heard by the issuing magistrate together were sufficient to support a finding of probable cause to issue the search warrant, and that therefore the defendants' motions to exclude the evidence gained as a result of that search were properly denied.

We have reviewed all other assignments of error and find no prejudicial error.

Affirmed.

Judges MORRIS and PARKER concur.