STATE OF NORTH CAROLINA v. DANNY E. COBB

No. 7312SC765

(Filed 6 March 1974)

1. Criminal Law § 84; Searches and Seizures § 4— necessity for placing warrant in evidence

Evidence seized pursuant to a search warrant was not inadmissible by reason of the State's failure to introduce in evidence the affidavit to obtain the warrant where the trial judge examined the affidavit and warrant and determined the validity of the warrant as a matter of law.

2. Searches and Seizures § 3— validity of warrant — voir dire — evidence considered

On *voir dire* to determine whether probable cause existed for issuance of a search warrant, the court is not confined to a consideration of evidence contained in the affidavit but can properly consider all information that was presented under oath to the official who issued the warrant. G.S. 15-26.

3. Searches and Seizures § 3— search warrant — affidavit — confidential informant — time activities observed

Affidavit based on information received from a confidential informant was sufficient to support issuance of a search warrant although it did not disclose when the informant observed the activities referred to in the affidavit where the magistrate could reasonably conclude from the affidavit that the informant observed the events so recently that reasonable cause existed to believe that the illegal activities were occurring at the time of the issuance of the warrant.

APPEAL by defendant from *Brewer, Judge,* 16 April 1973 Session of Superior Court held in CUMBERLAND County.

Defendant was convicted of the felonious possession of heroin and judgment imposing a prison sentence was entered.

*Attorney General Robert Morgan by E. Thomas Maddox, Jr., Associate Attorney, for the State.*

*Frye, Johnson & Barbee by Ronald Barbee for defendant appellant.*

VAUGHN, Judge.

The evidence of defendant's guilt was cogent. Defendant's only assignment of error is that the court erred in denying his motion to suppress the evidence seized pursuant to a search warrant.

[1] Defendant first argues that "the State failed to introduce into evidence the affidavit to obtain the search warrant" and that this constitutes error. The record discloses that the trial judge examined the affidavit and warrant and determined the validity of the warrant as a matter of law. The affidavit and warrant were made a part of the record. This was the proper procedure. Our court has adopted the rule that when documentary evidence is regularly admitted, it is presumed that its contents are made known to the jury. Generally the search warrant and accompanying affidavits should not be introduced into evidence because they usually contain statements which are incompetent and the admission of such evidence can constitute prejudicial error. *State v. Spillars,* 280 N.C. 341, 185 S.E. 2d 881.

[2] The court conducted a *voir dire* to determine the validity of the search warrant. Nevertheless, when the officer who executed the affidavit was called, the court sustained defendant's objections to evidence not contained in the affidavit. The defendant, of course, does not complain of this favorable ruling on his objection. We observe, however, that if on *voir dire* to determine probable cause for the issuance of the warrant, the court confines itself to a repetition of matters set out in the affidavit, one of the reasons for conducting the *voir dire* on the question of probable cause becomes meaningless. If the affidavit is sufficient on its face to establish probable cause, the court can make its determination from an examination of that

document. There is no requirement, constitutional or statutory, that the affidavit attached to the warrant contain *all* of the information necessary to establish probable cause. The statute only requires that an affidavit be attached to the warrant "indicating the basis" for the finding of probable cause. G.S. 15-26. On *voir dire* the court can properly consider all information that was presented under oath to the official who issued the warrant. The better practice is, of course, to set out in the affidavit, in considerable detail, all of the information constituting the grounds for issuance of the warrant so that the question of the existence of probable cause can be determined by an examination of the affidavit. *See State v. Wooten,* 20 N.C. App. 139, 201 S.E. 2d 89; *State v. Logan,* 18 N.C. App. 557, 197 S.E. 2d 238 and *State v. Milton,* 7 N.C. App. 425, 173 S.E. 2d 60.

**[3]** Defendant contends that the affidavit is insufficient to support a finding of probable cause for issuance of the search warrant. The affidavit is as follows:

"STATE OF NORTH CAROLINA
County of Cumberland

> In The General Court
> of Justice, District
> Court Division

STATE
  v.
Danny Cobb or anyone in charge
1910 Newark St. Fayetteville, NC

William H. Nichols, Det. Sgt. Cumberland County Sheriff's Dept. & CCBN, being duly sworn and examined under oath, says under oath that he has probable cause to believe that Danny Cobb or anyone in charge has on his premises in his vehicle certain property, to wit: Heroin, which constituted evidence of a crime, to wit: Violation of GS 90-95(a)(3), NC Controlled Substances Act, at 1910 Newark Ave., Fayetteville, North Carolina on Jan. 13, 1973. The property described above is located on the premises in the vehicle described as follows: A wood frame house, pink in color, with pink shingles, white trim, and white door, numbers 1910 on front of house, house located at 1910 Newark Ave., Fayetteville, North Carolina. A 1972

---

State v. Cobb

---

Chev. 2 Dr. Blue in color w/black top, NC Tags 3825-C rented to Mr. Cobb by DOLLOR a Day, rent a car. The facts which establish probable cause for the issuance of a search warrant are as follows: On the morning of Jan 13, 1973 this reporting agent, the affiant, received information from a confidential source of information that he (the source) had been to 1910 Newark Ave. and had bought a quantity of Heroin, and while inside the house that he had seen a large quantity of Heroin, some that was being cut, and that some of the Heroin, was in a rubber bag and then wrapped in tinfoil, and that one of the Negro females in the house would be carrying some on her person. That the source is familiar with Heroin, and that the source had given the affiant information in the past that has been reliable, and that had been on the drug traffic in the Cumberland County area, and that the information has been within the past 6 months and that the arrests and convictions of at least 8 persons within the past 4 months. I pray that this search warrant be issued and if the items be found that they be seized and held for court action."

Defendant contends that the affidavit does not disclose when the informer observed the activities referred to in the affidavit and that they could have occurred several years prior to the issuance of the warrant. It is true, of course, that one component in the concept of probable cause is the time of the happening of the facts relied upon. Here the magistrate could realistically and reasonably conclude from the affidavit that the informer observed the events so recently that reasonable cause existed to believe that the illegal activities were occurring at the time of the issuance of the warrant. When the affidavit is considered in the light of common sense, the existence of probable cause for issuance of the warrant is clear and this and defendant's other objections are dispelled.

No error.

Judges BRITT and PARKER concur.