State v. Akel

---

STATE OF NORTH CAROLINA v. NORMAN HABIB AKEL

No. 745SC321

(Filed 1 May 1974)

1. Criminal Law § 84; Searches and Seizures § 3— validity of search warrant — information outside affidavit — sworn testimony

In conducting a *voir dire* to determine the legality of a search of defendant's apartment the trial court did not err in accepting from a police officer rather than from the issuing magistrate testimony with respect to evidence that was presented to the magistrate and not included in the affidavit supporting the search warrant; furthermore, testimony by the officer that he gave the magistrate information after he was "sworn" was sufficient to support the trial court's finding that the issuing magistrate was informed under oath as to the reliability of an informant.

**2. Criminal Law § 89— impeachment of defendant — similar offense**

In a prosecution for possession of opium the trial court did not err in allowing the prosecution to cross-examine defendant with reference to marijuana found on the same night and in the same container as the opium and with reference to defendant's subsequent plea of guilty of possessing the marijuana, since, for the purpose of impeachment, defendant could be asked about his prior convictions.

APPEAL by defendant from *Cohoon, Judge,* 4 September 1973 Session of Superior Court held in NEW HANOVER County.

Defendant was tried upon a bill of indictment, proper in form, charging him with possession of the controlled substance opium, a violation of G.S. 90-95(a)(3). Defendant entered a plea of not guilty, the jury returned a verdict of guilty as charged, and the court entered judgment imposing a prison sentence of three years. Defendant appealed.

*Attorney General Robert Morgan, by Assistant Attorney General Jacob L. Safron, for the State.*

*Goldberg & Anderson, by Aaron Goldberg and Frederick D. Anderson, for defendant appellant.*

BRITT, Judge.

Defendant first assigns as error the conclusion of the court that the search warrant issued in this case was valid, contending that there was an insufficient basis for a finding of probable cause by the magistrate. The warrant was issued upon an affidavit of John H. Ward, Chief, Wrightsville Beach Police, and Chief Ward's oral testimony before Magistrate Fred G. Beach. The affidavit, after properly describing the place to be searched and the purpose of the search, stated:

" * * * The facts which established probable cause for the issuance of a search warrant are as follows: Affiant was contacted by a confidential and reliable source who advised that he was in the apartment described above (#8 Sunset St.) and he had observed a quantity of Marihuana in the above mentioned apartment on this date and that he had been in the same apartment on other dates when he observed Norman Akel and Barry Alpert and others smoking Marihuana. Source has provided the affiant with information in the past that has led to the arrest of persons in the past for violation of the North Carolina Controlled Sub-

stances Act. Source stated that there is Marihuana in the above mention Apt. at this time, on this I pray that that (sic) a search warrant be issued."

On offer of the products of the search into evidence, defendant moved to suppress and a *voir dire* hearing was conducted to determine the validity of the search. Defendant argued on his motion that the underlying facts contained in the affidavit did not sufficiently establish the credibility of the undisclosed informant. Chief Ward testified that he told the magistrate of two cases in which information from this informant led to convictions in narcotic cases. After completion of the *voir dire,* the court concluded "that while it would have been better practice for the aforesaid information given the magistrate to have been put in writing in the affidavit, that the magistrate was informed sufficiently under oath with respect to the basis of the reliability of the informant referred to by the officer at the time in his affidavit and his sworn statement which was the basis for the issuance of the search warrant."

[1] Defendant recognizes the principle declared in *State v. Howell,* 18 N.C. App. 610, 197 S.E. 2d 616 (1973), that all of the evidence presented to a magistrate to support his findings of probable cause to issue a search warrant does not have to be set forth in the affidavit supporting the search warrant. However, defendant contends the trial court erred in accepting from a police officer, rather than from the magistrate as was done in *Howell,* testimony with respect to evidence that was presented to the magistrate and not included in the affidavit. Defendant also contends that the court erred in its conclusion because there was no evidence that the testimony given to the magistrate was under oath. He further contends that without the additional information, the warrant is invalid, being issued upon an insufficient affidavit.

Apparently, the court based its conclusion that the reliability of the informant was not sufficiently established in the affidavit, upon the fact that the affidavit did not state that the informant had given information in the past leading to arrests *and convictions.* This is indicated by the court's comment that the *voir dire* would have been unnecessary if the affidavit had contained "two more words" and the direction that the *voir dire* examination took. Our research does not reveal any case which requires that both arrest and conviction be shown in order to establish an informant reliable as required by the test established

in *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964). At least one jurisdiction has held that where past information has led to arrests and has been accurate, that the affidavit was sufficient. See *People v. Dumas,* 9 Cal. 3d 871, 109 Cal. Rptr. 304, 512 P. 2d 1208 (1973). Even assuming that this is a requirement, thus making the affidavit here insufficient, we do not find that it has been held, in this jurisdiction, that only the magistrate can testify as to any additional facts necessary for a finding of probable cause. Certainly it would be much better practice to have the magistrate testify. As to whether the additional information was given under oath, Chief Ward testified that he related the information after he was "sworn." This was sufficient to support the trial court's finding. The assignment of error is overruled.

[2]  On his fourth assignment of error, defendant contends that it was error for the court to allow the prosecution to cross-examine defendant with reference to marijuana found on the same night and in the same container as the opium, and his subsequent plea of guilty of possessing the marijuana. The assignment is without merit. In *State v. Cook,* 280 N.C. 642, 647, 187 S.E. 2d 104, 108 (1972), we find: "It is well established in this State that when the defendant in a criminal action becomes a witness in his own behalf, he is subject to cross-examination like any other witness and, for the purpose of impeachment, may be asked about his prior convictions, including those for offenses similar to that for which he is presently on trial." Furthermore, we think, under the evidence in this case, the question of possession of marijuana was relevant to the question of actual possession of the opium.

We have carefully examined the other assignments of error brought forward and argued in defendant's brief but conclude that they also are without merit.

No error.

Judges HEDRICK and CARSON concur.