STATE OF NORTH CAROLINA v. DONNELL HICKS

STATE OF NORTH CAROLINA v. JOHN DAVID JONES

STATE OF NORTH CAROLINA v. LINDA COOPER

No. 822SC562

(Filed 21 December 1982)

1. **Searches and Seizures § 44— contention that search warrant invalid on face—right of trial court to conduct voir dire**

When a defendant moves to suppress evidence obtained by a search warrant upon the ground that there was no probable cause for issuance of the search warrant, the scope of the court's review of the magistrate's determination of probable cause is not confined to the affidavit alone. Therefore, where a search warrant was allegedly invalid on its face for lack of facts to show probable cause, it could be made valid by *voir dire* testimony and contemporary, unattached written memorandum, which, when taken all together, showed legal probable cause to search for illicit controlled substances.

2. **Searches and Seizures § 47— handwritten note of magistrate—proper to include in suppression hearing**

The trial court did not err in admitting a magistrate's handwritten notes which contained additional information recorded by the magistrate as received under oath from an affiant when the magistrate prepared the search warrant since the magistrate made his notes on the exhibit contemporaneously from information supplied by the affiant under oath, the paper was not attached to the warrant in order to protect the identity of the informant, the notes were kept in the magistrate's own office drawer, and the paper was in the same condition as it was at the time of the issuance of the search warrant. Defendants were not prejudiced by the admission of the notes, and as required by statute, the magistrate's additional information was recorded. G.S. 15A-245(a).

APPEAL by defendants from *Small, Judge.* Judgment entered 22 February 1982 in Superior Court, WASHINGTON County. Heard in the Court of Appeals 6 December 1982.

Identical separate bills of indictment of two counts charged each defendant with the felony of possession with intent to deliver a controlled substance, approximately 20 pounds of marijuana, and with felonious possession of approximately 20 pounds of marijuana, as reflected by case No. 81CRS1334. Case No. 81CRS1337 contains 4 counts. The parties stipulated that the offenses charged against each defendant in the separate indictments were identical. The offenses were (1) felony possession of

cocaine, (2) conspiracy to commit the felony of trafficking in cocaine with each codefendant, (3) possession of cocaine with intent to deliver, and (4) possession of more than one gram of cocaine.

After their motion to suppress evidence seized under a search warrant was denied, defendants entered pleas of guilty in the several cases. Defendants appeal after judgment from the trial court's denial of the motion to suppress.

*Attorney General Edmisten by Assistant Attorney General David Gordon for the State.*

*Wilkinson & Vosburgh by John A. Wilkinson and James R. Vosburgh for defendant appellants.*

BRASWELL, Judge.

Defendants' two questions presented on appeal raise the basic issue of whether a search warrant, allegedly invalid on its face for lack of facts to show probable cause, can be made valid by *voir dire* testimony and contemporary, unattached written memorandum, which, when taken all together, show legal probable cause to search for illicit controlled substances. We answer yes, and hold that the trial judge's findings of facts were supported by the evidence.

The challenged portion of the affidavit for the search warrant reads:

> There is probable cause to believe that certain property, to wit: . . . illegal drugs (constitutes evidence of) . . . a crime, to wit: possession of illegal drgus [sic] for the purpose of sale and the property is located (in the place) (in the vehicle) . . . described as follows: Room 31 is located to the right of the main office of Pine Tree Motel, which is located on highway 64 West diagnally [sic] across from Monroe Street entrance into highway 64 and directly across the street from Smith-Douglas Fertilizer Plant. The vehicle is a 1979 2-door Buick off white with a florida [sic] registration license no. DEA-725.
>
> The applicant swears to the following facts to establish probable cause for the issuance of a search warrant: Plymouth Police Dept. received a tip from a confidential informer that illegal drugs were being brought into plymouth

[sic] and that the person bringing them would be staying at the Pine Tree Motel. The police put a watch on the motel and observed an unusual amount of traffic going into room 31. Among those entering were known drug users. . . . The vehicle has been observed in the area in the past parked at residences where known drug users reside. The vehicle has a Florida registration.

During the suppression hearing, Magistrate W. B. Blackburn, the warrant-issuing official, and Sgt. Bill Mizelle of the Plymouth Police Department, the affiant in the warrant, testified. State's Exhibit MSX-1, notes on "a sheet of yellow paper from a legal tablet," was introduced into evidence. This exhibit contained additional information recorded by Magistrate Blackburn as received under oath from Sgt. Mizelle. The exhibit reads:

Mrs. Harrell, Pine Tree Mot. called earlier and said lots of phone calls at Room 31; she listened in; drug deals; drugs in room.

DO NOT USE MRS. HARRELL'S NAME!

Stake out; Linda Cooper and others in room; he not want use other names . . . haven't checked out. Linda Cooper has record.

Stake out Room 31 diagonally from Monroe Street across S. D. Fert. right of main office; two blocks.

Magistrate Blackburn testified that when he prepared the search warrant, he used some of the information contained in the handwritten notes on MSX-1, and that after he had written the information, he placed the notes in a drawer and kept them. They were in a lower drawer in his office where he kept his receipt book, and he retained the notes until he presented them at this *voir dire* hearing. Though aware of a place on the search warrant application for the magistrate to indicate that he had received additional information at the time of issuance of the document, he did not check the same. The magistrate testified that he knew that Mrs. Harrell was the informant, and that Linda Cooper had been tried and found guilty of dealing in marijuana, but he did not place all the information he received in the search warrant.

The defendants' first exception is directed to the court's conducting an evidentiary hearing, contending that the search war-

rant was invalid on its face as a matter of law. Defendants' second, and last, exception concerns the court's overruling the objection to receiving into evidence State's Exhibit MSX-1, the handwritten notes of the magistrate.

The problems of probable cause deal with "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310, 93 L.Ed. 1879, 1890 (1949). In *Carroll v. United States*, 267 U.S. 132, 161, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555 (1925), the Court notes and quotes with approval from *McCarthy v. DeArmit*, 99 Pa. 63, 69 (1881): "The substance of all the definitions [of probable cause] is a reasonable ground for belief in guilt." *State v. Jones*, 299 N.C. 298, 261 S.E. 2d 860 (1980); *State v. Harris*, 43 N.C. App. 184, 258 S.E. 2d 415 (1979).

The additional information known under oath to Magistrate Blackburn was the name and address of the informant, Mrs. Harrell, Pine Tree Motel, Plymouth, North Carolina; that the informant, by listening in on telephone conversations, knew that drugs were then in Room 31 and that drug deals were going on. He knew that Linda Cooper, one of the people in Room 31, had a record, and that she had been found guilty of dealing in marijuana. This information from the evidentiary hearing, when taken with the information on the face of the search warrant, reveals probable cause existed at the time the search warrant was issued.

[1] The defendants challenge the right of the trial court to conduct a *voir dire*, contending that as a matter of law the search warrant is invalid on its face. In making this contention, defendants overlook that it is they who made the motion to suppress. It is always appropriate for the trial court to conduct a hearing on a motion to suppress. In such hearing the burden of proof is on the State. The State is not relegated to producing or introducing the search warrant alone, but may offer other evidence to show probable cause existed at the time of the issuing of the search warrant, if in truth it has any to offer. We agree with the State in its brief that "[t]he scope of the court's review of the magistrate's determination of probable cause is not confined to the affidavit alone."

As said by this Court in *State v. Logan*, 18 N.C. App. 557, 558, 197 S.E. 2d 238, 239 (1973), *cert. denied*, 285 N.C. 666 (1974):

When a defendant moves to suppress evidence obtained by a search warrant upon the ground that there was no probable cause for issuance of the search warrant, the inquiry before the court is whether the issuance of the warrant comports with G.S. 15-26, and whether the magistrate was justified in finding probable cause. The court should determine from an examination of the affidavit and warrant whether . . . (2) the attached affidavit *indicates the basis* for the finding of probable cause; . . . If the affidavit *indicates the basis* for the finding of probable cause, but is not in itself sufficient to establish probable cause, testimony of witnesses will be necessary to establish whether there was in fact sufficient evidence before the magistrate to justify his finding of probable cause to issue the search warrant.

*Logan* further holds, at page 559, 197 S.E. 2d at 240:

The proper inquiry is whether there were sufficient facts before the magistrate at the time of issuing the search warrant to justify the magistrate's finding of probable cause, and whether the warrant complies with the statute.

*See, State v. Hamlin,* 36 N.C. App. 605, 244 S.E. 2d 481 (1978); *State v. Beddard,* 35 N.C. App. 212, 241 S.E. 2d 83 (1978); *State v. Howell,* 18 N.C. App. 610, 197 S.E. 2d 616 (1973).

[2]    G.S. 15A-245(a) is relied on by the defendants as the basis upon which to exclude State's Exhibit MSX-1. The statute provides:

(a) Before acting on the application, the issuing official may examine on oath the applicant or any other person who may possess pertinent information, but information other than that contained in the affidavit may not be considered by the issuing official in determining whether probable cause exists for the issuance of the warrant *unless the information is either recorded or contemporaneously summarized in the record or on the face of the warrant by the issuing official.* (Emphasis added.)

The evidence shows that the magistrate made his notes on the exhibit contemporaneously from information supplied by the affiant under oath, that the paper was not attached to the war-

rant in order to protect the identity of the informant, that the notes were kept in the magistrate's own office drawer, and that the paper was in the same condition as it was at the time of the issuance of the search warrant. By the evidence produced at the suppression hearing, the defendants were aided in their preparation for trial in that actual knowledge of the informant was discovered. The informant could have been subpoenaed for trial. Defendants were not prejudiced.

As required by statute, the magistrate's additional information was recorded. It is not required that the additional information be recorded in the Register of Deeds' or Clerk of Superior Court's office, or any one location to the exclusion of all other places. The failure of the magistrate to check the blank box on the form for additional information is not fatal under all of these facts. As held in *United States v. Ventresca,* 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed. 2d 684, 689 (1965):

> These decisions reflect the recognition that the Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants, such as the one involved here, must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion.

And, as stated in *Aguilar v. Texas,* 378 U.S. 108, 111, 84 S.Ct. 1509, 1512, 12 L.Ed. 2d 723, 726 (1964):

> Thus, when a search is based upon a magistrate's, rather than a police officer's, determination of probable cause, the reviewing courts will accept evidence of a less 'judicially competent or persuasive character than would have justified an officer in acting on his own without a warrant,' ibid., and will sustain the judicial determination so long as 'there was substantial basis for [the magistrate] to conclude that narcotics were probably present. . . .'

Quoting *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed. 2d 697, 78 A.L.R. 2d 233 (1960).

The trial court did not err in holding the *voir dire* hearing on the motion to suppress. The court's rulings allowing Exhibit

MSX-1 *to be received in evidence and denying the defendants'*
*motion to suppress the evidence obtained under the search war-*
*rant were proper.*

Affirmed.

Judges ARNOLD and JOHNSON concur.