STATE OF NORTH CAROLINA v. CLIFTON WOOTEN, JR.

No. 733SC694

(Filed 12 December 1973)

**Searches and Seizures § 3— search warrant for heroin — sufficiency of affidavit**

An affidavit, though inartfully drawn, was sufficient to support issuance of a search warrant for heroin where the affidavit was made upon information supplied by a reliable informer who had furnished accurate information to police in the past, the informant had seen several people at a named address with marijuana and heroin in their possession on the day in question, and the affidavit specifically described defendant by race, age, sex, height and weight as having the contraband on his person.

APPEAL by defendant from *Tillery, Judge,* 14 May 1973 Session of Superior Court held in PITT County.

Defendant was charged in an indictment, proper in form, with the felony of possession of heroin. The State's evidence tended to show that police officers, armed with a warrant to search the person of defendant, executed the search and found a quantity of heroin in defendant's trousers pocket.

Defendant testified that he was unaware of the heroin being in his pocket until the officers removed it.

From a verdict of guilty and a judgment of confinement for five years, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Hensey, for the State.*

*Laurence S. Graham for the defendant.*

BROCK, Chief Judge.

Defendant assigns as error that the affidavit to obtain the search warrant executed in this case does not justify a finding of probable cause to issue the warrant, and therefore, the evidence obtained by the search should be suppressed. This assignment of error is without merit.

The affidavit upon which the search warrant was issued in this case is made upon information supplied by a reliable informant, who had furnished accurate information to the police in the past. The informant saw (on the same date the affidavit was executed) several male and female negroes at 1307-B Fairfax Avenue in possession of marijuana and heroin. The affidavit particularly describes the premises where the male and female negroes were located, and specifically described defendant by race, age, sex, height, and weight as having the contraband on his person. Admittedly, the affidavit is inartfully drawn both as to arrangement of content, grammar and sentence structure. The affidavit was issued immediately upon receipt of the information and immediately taken before the issuing magistrate. The record shows that the affidavit was executed at 2:00 a.m., and the search warrant was signed at 2:15 a.m. It is reasonably clear that the persons and the contraband would likely disappear if the officers did not proceed with dispatch. Viewed in the light of the circumstances in which the affidavit was written, it is not surprising that it was inartful.

We note that when defendant objected to the testimony concerning the apprehension and search of defendant and requested a voir dire, the trial judge properly excused the jury. However, unless the District Attorney proposes to offer evidence considered by the magistrate in his determination of probable cause which evidence is not included in the affidavit, we see no point in offering witnesses. The affidavit speaks for

itself and can be examined by the presiding judge to determine its sufficiency. If the defendant desires to attack the credibility of the facts stated or the motives of the officer who executed the affidavit, the defendant is free to call such witnesses as are pertinent. If the facts set out in the affidavit are sufficient within themselves to justify the finding of probable cause, the affidavit is a sufficient showing on voir dire. *See State v. Logan,* 18 N.C. App. 557, 197 S.E. 2d 238.

The evidence in this case is clear that defendant was caught "red-handed" by alert officers.

No error.

Judges CAMPBELL and PARKER concur.