STATE OF NORTH CAROLINA v. CEATRICE HARRIS, NORMAN J. HARRIS, AND CARL HARRIS

No. 7515SC5

(Filed 16 April 1975)

1. **Searches and Seizures § 3— voir dire on motion to suppress — search warrant — attack on credibility of affiant or informant**

   Where a search warrant is valid on its face, and the sworn allegations are sufficient to establish probable cause, the defendant may not dispute and attack the allegations or the credibility of the affiant or his informant on the *voir dire* hearing on defendant's motion to suppress the evidence seized by law officers pursuant to the search warrant.

2. **Narcotics §§ 1, 5— possession with intent to manufacture and sell — possession as lesser included offense — conviction of both offenses**

   Since possession of heroin is a lesser included offense within a charge of possession of heroin with intent to manufacture and sell, defendants could not properly be convicted of both offenses, and their conviction of simple possession must be set aside.

   Chief Judge BROCK concurring in the disapproval of obiter language of prior cases.

APPEAL by defendants Norman Harris and Carl Harris from *Brewer, Judge.* Judgments entered 19 October 1974, in Superior Court, ORANGE County. Heard in the Court of Appeals 12 March 1975.

The defendants were charged in separate bills of indictment with (1) possession of heroin and (2) possession of heroin with intent to manufacture and sell, heroin being a controlled substance under Schedule I of the North Carolina Controlled Substances Act. The defendants pled not guilty to the charges.

The evidence for the State tended to show that on or about 8 February 1974, Officer Don Tripp of the Chapel Hill Police Department appeared before Orange County Magistrate J. C. Merritt for the purpose of obtaining a search warrant for illegally possessed drugs. A search warrant was thereafter issued on the basis of the affidavit of Officer Tripp in which he alleged that his informer was reliable and that his information in the past had resulted in more than two convictions.

Upon obtaining the warrant, Officer Tripp, along with a number of other police officers, went to 613 Northampton Plaza. Upon arriving at the apartment, Officer Tripp knocked on the

door which was answered by the defendant Carl Harris. After the door had been opened, Tripp observed several persons, including the other defendant, positioned around a table in the kitchen. He read the search warrant to Carl Harris, who lived in the apartment and then entered. He and the other officers observed a large quantity of a brownish-looking powdered substance, some playing cards, a small sifter and some glassine bags on the table. A photograph was immediately taken of the table with the articles upon it. All this evidence was seized and taken to the Chapel Hill Police Department where it was packaged and taken to the SBI Laboratory in Raleigh. The evidence was turned over to Leslie Lytle, a chemist with the SBI, who analyzed the powder and testified that it was heroin in combination with other noncontrolled substances.

After the State rested, the defendants' motions for judgment as of nonsuit were denied. The defendants offered no evidence and renewed their motions which were again denied. The case was submitted to the jury, whereupon Carl Harris was found guilty of possession and possession with intent to manufacture and sell and Norman J. Harris was found guilty of possession. From judgments sentencing the defendants to terms of imprisonment, they appealed.

Further facts pertinent to the disposition of this case will be discussed in the opinion.

*Attorney General Edmisten by Assistant Attorney General Walter E. Ricks III for the State.*

*Pearson, Malone, Johnson, DeJarmon & Spaulding by C. C. Malone, Jr., and W. G. Pearson II for defendants.*

CLARK, Judge.

After the jury had been empaneled but before any evidence had been introduced, the defendants made a motion to suppress all evidence seized at the Northampton Plaza. A voir dire was conducted in the absence of the jury. At the voir dire, Officer Tripp testified and on cross-examination was asked questions relating to the two prior convictions to which the informer's information had presumably led. These questions were asked with the obvious hope of impeaching the affiant with regard to his statements concerning the previous reliability of the informer. Objections to these questions were sustained, and defendants excepted.

The initial application for a search warrant, required by G.S. 15-26(b) to be in the form of an affidavit, is submitted to a magistrate. The affidavit alone, or the affidavit and supplementary sworn testimony, must allege underlying circumstances from which (1) the informant concluded the thing sought was where he claimed it was, and (2) from which the affiant concluded the informant was credible or his information reliable. *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed. 2d 723 (1964). The magistrate must be neutral and detached. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971). In making his determination of probable cause the magistrate "must judge for himself the persuasiveness of the facts relied on by a complaining officer." *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed. 2d 1503, 1509 (1958). His determination should be paid great respect by a reviewing court. *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed. 2d 637 (1969). In making the determination the magistrate considers and passes upon the alleged circumstances, the credibility of the informant and the credibility of the affiant. The policy of the Fourth Amendment to protect against unreasonable searches and seizures is adequately served by those standards. To permit a defendant to challenge the truth or accuracy of the factual averments of the affidavit, or the credibility of the informant or the affiant, would open at trial an issue or issues, theretofore judicially determined, collateral to that of guilt or innocence.

[1]   We adopt the majority rule that where the search warrant is valid on its face, and the sworn allegations are sufficient to establish probable cause, the defendant may not dispute and attack the allegations, or the credibility of the affiant or his informant, in the voir dire hearing on the defendant's motion to suppress the evidence seized by law officers pursuant to the search warrant. *State v. Salem,* 17 N.C. App. 269, 193 S.E. 2d 755 (1973), *cert. denied,* 283 N.C. 259, 195 S.E. 2d 692 (1973). See also Annot., 5 A.L.R. 2d 394 (1949).

In other decisions this court has used obiter language which is at variance with the majority view. We refer specifically to such language in *State v. Wooten,* 20 N.C. App. 139, 201 S.E. 2d 89 (1973) and *State v. Logan,* 18 N.C. App. 557, 197 S.E. 2d 238 (1973), and we disapprove this language insofar as it indicates that a defendant may attack the allegations of the search warrant, or the credibility of the affiant or informer;

State v. Harris

but we approve the language in both cases to the effect that if the facts set out in the affidavit are sufficient within themselves to justify the finding of probable cause, the affidavit is a sufficient showing on voir dire.

This rule of law should not be so broadly interpreted as to infer that under no circumstances can a defendant attack the validity of a search warrant which is valid on its face, or valid when the affidavit is adequately supported by a sworn statement. For example, one ground for attacking its validity is that the magistrate failed to properly perform a judicial function in finding probable cause, as in *State v. Miller,* 16 N.C. App. 1, 190 S.E. 2d 888 (1972), *modified,* 282 N.C. 633, 194 S.E. 2d 353 (1973), where the magistrate issued the search warrant without reading it.

[2]  The defendant Carl Harris was convicted on both charges of possession and possession with intent to manufacture and sell. In the case of *State v. Aiken,* 286 N.C. 202, 206, 209 S.E. 2d 763, 766 (1974), the court said, "[P]ossession is an element of possession with intent to deliver and the unauthorized possession is, of necessity, an offense included within the charge that the defendant did unlawfully possess with intent to deliver." The crime of possession being a lesser included offense and an element of the crime of possession with intent to manufacture and sell, we find error in submitting the case to the jury on both charges. We reverse the conviction of Carl Harris below with regard to the charge of possession and affirm the conviction of possession with intent to manufacture and sell.

Affirmed in part.

Reversed in part.

Judges PARKER and HEDRICK concur.

Chief Judge BROCK also concurs as follows:

I concur in the disapproval of the obiter language of *State v. Logan,* 18 N.C. App. 557, 558, 197 S.E. 2d 238, 240 (1973), and *State v. Wooten,* 20 N.C. App. 139, 141, 201 S.E. 2d 89, 90 (1973).